<hr />

## WILLIAM W. CHAPMAN

*v.*

## JOHN HURD.

67  234
61a 238

1. MISTAKE—*whether chancery will correct mistake in entering amount of judgment.* On bill filed to correct an alleged mistake in entering a judgment for the proper amount found by the court, the court say, that if the mistake was clearly shown, and that it occurred without any negligence on the part of the complainant, it may be that equity would assist him to have the error corrected.

2. SAME—*must be clearly shown.* In the absence of evidence, showing clearly that the court trying a common law case, by mistake entered the judgment for too small a sum, the presumption will be in favor of the correctness of the judgment. Where the party complaining fails to present the evidence heard on the trial of the suit at law, this court can not determine whether the court entered the judgment for the correct amount or not.

APPEAL from the Circuit Court of Scott county; the Hon. CHARLES D. HODGES, Judge, presiding.

Messrs. CHAPMAN & HENDERSON, for the appellant.

Mr. N. M. KNAPP, and Mr. JAMES M. RIGGS, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This bill was to correct an error said to have occurred in the rendition of a judgment at law.

It is alleged that appellant purchased of appellee a note, which he endorsed, on James and John Wilson. Subsequently appellant recovered a judgment against the Wilsons on the note for $499.06 and costs, on which an execution was issued, and returned not satisfied for want of property. He then brought a suit against the appellee on his endorsement. The cause was submitted to the court, by consent of parties, for trial, and judgment was rendered in favor of appellant for $352.33.

It is insisted, that, in entering up this judgment, the judge inadvertently used the figure " 3," instead of " 5 ;" that the judgment should have been for about $552. This is the error complained of. On the hearing, the court dismissed the bill, and that decision is assigned as error.

If it was made to appear there was, in fact, a mistake in the rendition of the common law judgment, and that it occurred without any negligence on the part of appellant, it may be, equity would assist him to have the error corrected. But the misfortune is, it does not appear that any error intervened in the rendition of the judgment. There was a trial by the court, and a finding in favor of appellant. Whether the court found correctly or not, we have no means of knowing. We will presume it did, until the contrary is made to appear.

It is true, the judgment against appellee, as endorser, is not as large as the judgment against the makers of the note. That fact, itself, is not conclusive evidence there was a mistake in the judgment against the endorser. The judgment against the makers may have been reduced by fair credits which did not appear on the record, but may have been proven on the trial.

This record does not disclose what evidence was heard on the common law trial, so it is impossible for us to determine whether the court entered the judgment for the correct amount. In the absence of evidence, showing clearly there was a mistake, the presumption will be in favor of the

correctness of the judgment. *Crafts* v. *Hall,* 3 Scam. 131; *Buntain* v. *Blackburn,* 27 Ill. 406; *Hewitt* v. *Lucas,* 42 Ill. 296.

The bill was properly dismissed, and the decree is affirmed.

*Judgment affirmed.*