————o————

ERMINE CASE, JR., ADM'R, Plaintiff in Error, *vs.* L. P. CUN-NINGHAM, *et al.*, Defendants in Error.

1. *Common Pleas court—Clerical mistake in judgment—Relief in Equity.*—Where a Common pleas court, invested by the statute with general jurisdiction concurrent with that of the circuit courts of this State errs in calculating the amount of a judgment, equity will grant relief at a subsequent term. (Wilson vs. Boughton, 50 Mo., 17.)

*Error to Jasper County Common Pleas Court.*

*H. H. Harding, with A. M. Lay,* for Appellant, cited Wilson vs. Boughton, 50 Mo., 17; Boon vs. Miller, 16 Mo., 457; Sto. Eq., § 166.

*Walser & Cunningham,* for Respondents, cited in argument, Art. 6, Const. of 1865, § 21; Id., § 23; Hall vs. Bray, 51 Mo., 288; Rogers *ex rel.* vs. Judge Co. Ct. La Crosse Co., 11 Wis., 50; Ashley vs. Glasgow, 7 Mo., 161; Harber vs. Pacific R. R. Co. 32 Mo., 423; Wagn. Stat., 1062, § 26; U. S. Union R. R. Trans. Co. vs. Traube, 59 Mo. 355; Anthony vs. Dunlap, 8 Cal., 26; Chipman vs. Hillard, id., 268; *In re* Booth, 3 Wis., 1; Wood vs. Lake, 13 Wis., 84; Booth vs. Ableman *et al.*, 16 Wis., 460; Graham *ex rel.* vs. Chamber Comm., 20 Wis., 63; *Ex parte* Booth, 1 Wis., 145; Metzner vs. Graham, 57 Mo., 404; 1 Sto. Eq., § 146; 2 Id., §§ 887, 896–7; Watson vs. Field, 10 Mo., 100.

NAPTON, Judge, delivered the opinion of the court.

This was an application to a court of equity to have a mistake in a judgment corrected. The original suit was upon a mortgage, and this mistake occurred in a wrong calculation

of the principal and interest due on the note, secured by the mortgage, for over 13,000 dollars, upon which several payments had been made. The attorney for the plaintiff made the calculation, and being asked by the court for the amount, stated it at a sum about $1,200 less than it ought to have been. This mistake was not discovered till after the end of the term. The case is in all particulars like that of Wilson vs. Boughton, (50 Mo., 18) except that the application in this case was made to a court of common pleas, which, however, was invested by the statute with general concurrent jurisdiction with the circuit court. In conformity with the decision in the case cited, this judgment must be reversed and the cause remanded. All the other judges concur.