[No. 45. Decided May 28, 1890.]

CHARLES Q. MARTIN v. WHITMAN COUNTY.

CONTRACT — CONSTRUCTION — COLLECTION OF DELINQUENT TAXES.

Where plaintiff contracted with a county to "make a tax list of all taxes delinquent" in the county, for which he was to receive "five per cent. on the total amount of said tax list, to be paid out of the tax due the county on said tax list as it is collected," plaintiff is entitled to receive five per cent of the total amount of the delinquent list out of the taxes first collected, and not merely five per cent. of the amount collected.

*Appeal from District Court, Whitman County.*

The facts are fully stated in the opinion.

*P. C. Sullivan, Frank H. Brown* and *D. J. Crowley,* for appellant.

*W. C. Jones,* Attorney General, for appellee.

The opinion of the court was delivered by

STILES, J.—Appellant brought suit against Whitman county upon a contract made with him by the board of county commissioners by an order spread upon its minutes in the following words: "It is hereby ordered that C. Q. Martin make a tax list of all taxes delinquent in Whitman county, and that he receive therefor five per cent. on the total amount of said tax list. That said five per cent. is to be paid out of the tax due Whitman county on said tax list as it is collected." The supreme court of the territory in *Martin v. Whitman County,* 20 Pac. Rep. 599, held the making of this contract to have been within the power of the board of commissioners. This, therefore, is the law of the case. See *O. R. & N. Co. v. Dacres, ante,* p. 195. The cause was tried upon its merits, in accordance with that opinion, upon a complaint alleging the list to have been made by plaintiff, showing $68,576.25 delinquent taxes due the county, and the sum of $2,000 thereof actually collected. The truth of these allegations, and others showing the refusal of the board to allow more than five per cent. of the money collected, was admitted. The answer of the defendant alleged that the list prepared by the plaintiff was so carelessly and negligently prepared that it was useless for the purpose for which it was designed, viz.: the collection of the taxes delinquent; but no proof seems to have been offered to sustain these averments, and the case was submitted to the jury, after a refusal of the court to direct a verdict for the plaintiff for $2,000, and upon the court's direction to find for plaintiff for $100 and costs.

The request to charge necessarily involved a construction of the terms of the contract by the court on the question

whether the services of the plaintiff were to be compensated by the payment of an amount equal to five per cent. of the total amount of delinquent taxes discovered and listed by him, out of the first money derived from that source, or five per cent. of the money collected without regard to the gross delinquency. The court, as has been observed, instructed that only five per cent. of the amount collected had been stipulated for, and plaintiff appealed. We are well satisfied that the construction given to the contract was wrong. Indeed, as we view it, it was not subject to construction at all, but was plainly such an agreement as the plaintiff contends it to be. Upon a retrial of the case, therefore, unless the defendant can show the truth of the matters alleged in its answer, judgment must be entered for plaintiff for the amount collected up to five per cent. of $68,576.25. Upon so plain a case it would be within the power, and it would ordinarily be the inclination of this court, without ordering a new trial, to amend the judgment of the court below; but in the case at bar the contract made, in view of the short time occupied by the plaintiff in the performance of the work (barely three months), seems to have been so recklessly improvident and unbusinesslike a transaction on the part of the commissioners, that we think that justice requires that the county have an opportunity to avail itself of the alleged worthlessness of plaintiff's work, as shown in its answer.

The judgment is reversed, and a new trial ordered in accordance herewith.

ANDERS, C. J., and SCOTT, J., concur.

DUNBAR, J., not sitting.

HOYT, J. (*dissenting*). — I am unable to agree with the majority of the court in their conclusions as to this case. The order relied upon as a contract was made by a body representing the county, which is a necessary part of the government of the state, and, therefore, in the strictest sense,

a public body. The rule is well settled that any and all acts of such a public body, when alleged as the foundation of a claim by a private person against such body, must be construed in favor of the public and against such private person. It follows that if the order in question is capable of two constructions, that one must be given it that will best protect the rights of the public. I think the order in question might well be construed as it has been by the majority of the court; but I also think it capable of the construction contended for by the defendant; that the compensation of five per cent. attached to the entire amount of the tax list, but became due and payable only upon such portion of said amount as was, from time to time, collected; and this construction, being in the interest of the public and being also reasonable and just as between the parties, while the other construction makes it unreasonable and oppressive to the public, and I think it ought to be adopted by the court.

In my opinion the judgment appealed from should be affirmed.