ST. FRANCIS MILL COMPANY *et al.*, *Appellants*, v. SUGG *et al.*

### Division One, January 29, 1898.

1. **Practice**: NUNC PRO TUNC ORDERS. Record entries *nunc pro tunc* can be made only when based on some writing in the cause which directly or by fair inference indicates the purport of the entries desired.

2. ————: THE WORD "OFF" ON MARGIN OF RECORD. It is held that the word "off" on the margin of the record, in lead pencil, put there by the clerk in vacation preparatory to making up his docket for the next term, does not justify the trial court in making a *nunc pro tunc* entry overruling a motion for a new trial.

3. ————: MOTION FOR NEW TRIAL: EXECUTION: EVIDENCE. An execution may be issued before or pending a motion for a new trial, and is no evidence that such motion was overruled.

*Appeal from Dunklin Circuit Court.*—HON. JOHN G. WEAR, Judge.

AFFIRMED.

*W. H. Clopton* for appellants.

(1) The motion of plaintiff for an entry *nunc pro tunc* showing that the motion for a new trial was overruled, should have been sustained. *Harlan v. Moore*, 132 Mo. 490; *Loving v. Groom*, 110 Mo. 632; *Hansbrough v. Judge*, 80 Mo. 307; *Coop v. Northcut*, 54 Mo. 128; *Priest v. McMaster*, 52 Mo. 60; *Fletcher v. Cooms*, 58 Mo. 430.

*R. B. Oliver* and *Wilson Cramer* for respondents.

BARCLAY, P. J.—In April, 1875, this suit was brought by the St. Francis Mill Company and others

in the Dunklin circuit court (as creditors of Mr. William S. Sugg) against Mr. Wylie P. Sugg. The main object of the plaintiffs' petition was to set aside as fraudulent a deed of conveyance of land in Dunklin county, executed by the former Mr. Sugg to the latter, and to have the land sold to pay the claims of said creditors of Wm. S. Sugg. The original defendant's death was suggested in 1876, and an order of publication was obtained in 1877 against his heirs who were duly found to be non-residents and unknown. The conditional order was ultimately made final in 1878 for a revival of the suit against the "said unknown heirs of Wylie P. Sugg." At the same term a guardian *ad litem* for the minor defendants was appointed. He accepted, and took leave to answer at the next term.

August 20, 1880, a decree was passed in favor of plaintiffs, following a finding of the facts substantially as asserted in plaintiffs' petition. The substance of the decree is "that said deed of conveyance be declared fraudulent and void and that the same be set aside and for naught held as to the plaintiffs herein as creditors of said Wm. S. Sugg, except as to the following lands in said deed described, which is by agreement of the parties herein excepted and excluded; and said deed is not set aside as to the following described of said land, to wit" (description) "and that the plaintiffs have and recover of the defendants their costs and charges in this behalf expended." The deed annulled by the decree was a conveyance of date May 24, 1871, purporting to transfer title to 19,844.52 acres of land in Dunklin county. On the day the decree was rendered (as appears from the minutes of the court) a motion for new trial was filed by defendants. That motion was as follows (omitting caption and signature):

"Now come the defendants by attorney and move

the court to grant a new trial in the above cause, for the following reasons:

"1. The court admitted irrelevant and incompetent testimony.

"2. The court erred in admitting the testimony of Rathburn.

"3. The finding of the court is against the evidence.

"4. The finding of the court is not warranted by the evidence.

"5. The finding of the court is against the law and the evidence in the case."

The foregoing exhibits the general state of the case when the moves began which led to the bringing of the pending appeals. In January, 1895, the plaintiffs filed a motion for an entry *nunc pro tunc* in said cause so as to show that the said motion for new trial had been overruled at the August term, 1880.

At the hearing of said motion (both parties being represented) the following facts appeared besides those already recited. Shortly after the decree aforesaid an execution was issued thereon and the land sold. There was a motion to set aside the sale, May 28, 1881. There was also a motion to quash the execution filed May 24, 1881. The return of the sheriff on the execution showed that the land had been levied upon and sold (in accordance with the command of the writ), May 25, 1881, and that Messrs. Rogers and Bragg had bought it for $272.25. The motions to quash the execution and set aside the sale were sustained, and an *alias* execution for costs was issued October 17, 1881. In November, 1881, a motion to quash the latter execution was filed; but this record does not disclose what became of it.

Some proceedings in the probate court of the county, in the matter of the estate of Wm. S. Sugg,

were shown in evidence, looking to a sale of his real estate for debts due to the plaintiffs in the original case referred to.   It appeared that an order of sale of said land was entered in that proceeding and afterward was confirmed by the probate court, notwithstanding objections to the confirmation by Mr. Fisher as attorney for Clyde Sugg and others, filed January 2, 1882.   There was oral testimony by Clyde F. Sugg (on the hearing of the motions in the circuit court in this case) tending to prove that Mr. Fisher was not authorized to appear as attorney for any of the heirs of Wm. S. Sugg in that matter.   It further was shown that the entries reproduced on the accompanying "Exhibit A" appeared on the circuit judge's docket which had been in use at the term (August, 1880) when the decree was rendered.

The circuit clerk in office at the time of the trial testified that he had carefully examined the record in the cause and found no entry to indicate that the court had ever passed on the motion for new trial.   It was admitted that the words "pass till one o'clock" (written in pencil) and the words in ink "Submitted, judgment and decree for plaintiff; in accordance with the prayer of the petition, etc.," and the words (written in pencil) "Motion for new trial filed," are in the handwriting of Reuben P. Owens, then judge of the circuit court. It was further admitted that the word "off" and a cross-mark appearing under the head of "orders at present term" was made by the clerk of the circuit court after the adjournment of the circuit court for the August term, 1880, and whilst he was preparing the docket for the succeeding term.   When the recent motions now in question were filed Judge OWENS, who had tried the cause, was no longer in office, the present learned circuit judge having succeeded him in 1885.

There are a number of minor particulars of fact

"EXHIBIT A."

66. JUDGE'S DOCKET.—CIRCUIT COURT.

SECOND DAY'S PROCEEDINGS.

TRIAL CASES

FOR THE AUGUST TERM, A. D., 1880.

| NO. OF CASE. | NAMES OF ATTORNEYS. | NAMES OF PARTIES IN ACTION. | CAUSE OF ACTION. | SERVICE HAD ON ORDER MADE LAST TERM. | ORDER OF PRESENT TERM. |
|---|---|---|---|---|---|
| 131. | John P. Taylor. J. M. Fisher. Sol. G. Kitchens & Son. | John Tiddle, administrator F. Beckwith, deceased, vs. A. B. Baker. | C. A. on account. | Amended answer filed and continued. | Replication of Pl'ff filed jury waived, submitted, find for deft. Judgment against pl'ff for costs of suit.    Off. |
| 137. | S. M. Chapman. S. T. Davis. | Jacob S Smith vs. Dunklin County. | C. A. on Dunklin county bonds. | Continued under advisement. | Judgment for defendant.    Off. |
| 190. | Bedford, Fisher and Crumb. Davis. | St. Francis Mill Company et al. vs. The Heirs of Wylie P. Sugg. | In Equity. | Def't withdraws motion to suppress depositions, and by agreement the order to suppress them is set aside and cause continued. | Pass till 1 o'clock. Submitted. Judgment and decree for pl'ff in accordance with prayer of petition, etc. Motion for new trial filed.    Off. |
| 198. | H. H. Bedford. Chapman & Davis. | H. H. Bedford against Jacob Dean et al. | C. A. in ejectment. | Continued by agreement of parties. | New parties to be brought in. Order for summons for new parties and continued. |
| 355. | Davis & Lawson. Fisher & Dennis. | W. D. Sanford et al, against Elan G. Rathburn. | C. A. in ejectment. | Submitted and continued. | Submitted. Nonsuit by pl'ffs.    Off. |
| 268. | Lawson. S. T. Davis. John P. Taylor. Joseph M. Fisher & S. B. Dennis. | William F. Shelton vs. Laura Rathburn et al., minor heirs of Charlotte Rathburn, deceased. | C. A. in equity. | Continued. | Submitted. Judgment and decree for pl'ff.    Off. |

which it does not seem necessary to state. The foregoing outline presents the material facts on which judgment is to be pronounced.

The learned trial judge denied the motion to correct the record *nunc pro tunc*, and the plaintiffs in due course took the pending appeal from that order.

1.  · The law of Missouri must be regarded as established by precedents to the effect that record entries *nunc pro tunc* can properly be made only when based on some writing in the cause which directly (or by fair inference) indicates the purport of the entry so sought to be supplied. *Hyde v. Curling* (1847) 10 Mo. 359; *Saxton v. Smith* (1872) 50 Mo. 490; *Hansbrough v. Fudge* (1883) 80 Mo. 307.

The only actual minute which is claimed to indicate an overruling of the motion for new trial is the word "off," found upon the docket of the term under the entry showing the filing of that motion. That minute was made by the clerk in preparing the docket for the next term, after the expiration of that at which the motion was filed. No entry on that point was made by the judge or the clerk at the term; none was made later except as already stated.

We do not regard the word "off"—so placed on the minutes—as amounting to an entry of the overruling of the motion. We certainly should not consider it an inferential entry to that effect in the face of a ruling to the contrary (denying it that force) by the learned judge residing in the circuit and who would be familiar with any local usage or practice that might give the word a broader meaning than it would seem to have to a stranger there.

2.  Nor does the fact that executions were issued on the judgment warrant the inference that the motion for new trial was overruled. It is competent for a court to order the issuance of an execution before or pend-

ing such a motion. Even the enforcement of final process carries itself no implication of prior action upon the motion for new trial. Viewing the record, entries, minutes and all other written matter presented to the learned trial judge, we are of the opinion that he was entirely right in refusing the application to amend the record in the particular indicated. His order denying the motion to amend *nunc pro tunc* is affirmed. MACFARLANE, ROBINSON and BRACE, JJ., concur.