## DAVISON v. HOUGH, Judge, et al.

### In Banc, December 3, 1901.

<table>
<tr><td>165</td><td>561</td></tr>
<tr><td>101a</td><td>483</td></tr>
<tr><td>165</td><td>561</td></tr>
<tr><td>179</td><td>ª186</td></tr>
</table>

1. **Jurisdiction:** APPEARANCE. Appearance will not confer jurisdiction upon the court over the subject-matter, but it does over the parties. And if the petition is regularly filed in term time, thereby giving the court jurisdiction of the case, and summons issues requiring defendants to appear at the next term, they may enter their voluntary appearance immediately, and thereby the court would have jurisdiction to render a decree at the term at which the petition was filed.

2. ————: ————: WHAT CONSTITUTES APPEARANCE. The facts of this case are held to constitute a voluntary appearance by the plaintiff

Davison v. Hough.

in the circuit court in a suit by an insurance company to enjoin
the petitioner in this prohibition from prosecuting a suit on an insur-
ance policy, for the reason that the company had paid the amount of
the policy into court, and had asked that the various beneficiary
claimants be required to interplead therefor.

3. ———: PROHIBITION: HOW DETERMINED.  Where an appellate court
is asked to prohibit a circuit court from proceeding further in a
suit on the ground that it has no jurisdiction of the persons of
defendants, the court can look beyond the records of the lower
court to ascertain if there was an appearance.  Such a proceeding
is a direct attack upon the jurisdiction of the court, and, hence, the
appearance may be shown by parol evidence, or it may be determined
from the stipulation of parties.

4. Interpleader: VARIOUS DEFENDANTS AND SUITS: DISCHARGE: IN-
JUNCTION: PROHIBITION.  Where an insurance company files its bill
of interpleader in the circuit court of the county of its residence
and that of one of the defendants, praying that all the beneficiary
claimants to the proceeds of a policy be compelled to come into court
and interplead therefor, the decree of the court in accordance there-
with is a complete discharge of said company, although other de-
fendants in other sections of the State have brought suit against
said company for the amount of the policy.  And if the appellate
court prohibits the circuit court from proceeding further in an
injunction issued out of such circuit court to the claimants who
were plaintiffs in the suits in the other circuits to restrain them
from further prosecuting their suits, such prohibition would not
affect  a subsequent decree on the bill of interpleader, but would
simply put an end to the injunction.

5. ———: ———: ANCILLARY INJUNCTIONS: STATUTE: CONSTRUCTION.
The statute provides that "proceedings on an injunction to stay a
suit or judgment shall be had in the county where the judgment is
rendered or the suit is pending."  Held, that this statute does not
affect the jurisdiction of a circuit court of the county wherein a
plaintiff insurance company and one of the defendants are resident,
from rendering a decree discharging such company from further lia-
bility on an insurance policy, upon its filing its bill of interpleader
asking that the various beneficiary claimants be required to interplead
for the proceeds thereof, and the payment by it of the amount of
the policy into court, although the other defendant claimants may
have already begun suit in their counties on the policy, from pros-
ecuting which the company, in order to stop vexation, may have
brought injunction.  Such an injunction is a mere incident or an-
cillary proceeding to the bill of interpleader.  This statute applies

to suits in equity jurisdiction which have for their main purpose the annulling of a judgment or the enjoining of a suit at law, and does not apply to a suit in which the jurisdiction in equity exists upon other grounds than that of affording relief by injunction.

6. ———: ———: BOND. The statute requires a bond only when a temporary or preliminary injunction is issued. It is not necessary to give bond when it issues on final decree. In an interpleader suit, when the court decrees that the plaintiff is entitled to pay the money into court and be discharged, and the decree recites that he has done so and directs that the defendants interplead for the fund so paid in, that is a final decree and may contain an injunction without requiring a bond.

## Prohibition.

WRIT DENIED.

*Silver & Brown* for plaintiff.

(1)   (a) The colloquy of court and counsel, and matters set forth in the return but not appearing of record, are incompetent as evidence or otherwise, and should not be considered. "A court of record can only speak by its records." Franklin Co. v. Maupin, 67 Mo. 327; Hewett v. Steele, 118 Mo. 463; Johnson Co. v. Wood, 84 Mo. 489; Kansas City v. Railroad, 81 Mo. 296; Dennison v. Co. Court, 33 Mo. 165; Milan, etc. v. Pendleton, 12 Mo. 598; Medlin v. Platte Co., 8 Mo. 235.   (b) The right of plaintiff to raise the foregoing objection under the pleadings in this case is expressly provided for in the stipulation of parties herein.   (c) The foregoing being true, the question of the character of the appearance of counsel and whether the order of July 22 was made by consent of parties must be determined wholly by the recitals contained therein—taken in connection with the petition and writ of summons in the interpleader suit and the notice of the application for the injunction. If the notice of the application for the injunction was merely a temporary

one, as we submit is the case; then, having appeared in re-
sponse thereto, the court could not, except by consent, enter
a permanent or final one (which opposing counsel contends
is the character of the injunction granted). That such an
order could not be legally made on July 22, 1901, except by
consent of parties, is clear. Thornton v. Thornton, 27 Mo.
302; Smith v. Davis, 27 Mo. 298; Hopkins v. McGhee, 33
Mo. 312; Shaw v. Gregoire, 35 Mo. 343. A consent decree
should recite or show upon its face that it was entered by con-
sent. 5 Ency. Pleading and Practice, 963, and authorities
cited; Seton on Decrees (Heard's Ed.), p. 10; Hershel v.
Heishey, 15 Iowa 185; American, etc., v. Fuller, 83 Iowa 599.
It is, however, contended that the order in this case (which
amounted to a trial of the interplea issue), if prematurely
rendered, is reviewable only on appeal or error, and can not
be reached by prohibition. To this we say: (a) That this
case differs from others in this State to which our attention
has been called, in that the interlocutory order was made, not
at the return term of the summons, but long prior thereto.
Even in McClanahan v. West, 100 Mo. p. 323, the judgment
was rendered at the term of the court occurring after service.
An action for an interpleader, under the code, must take the
same course and be governed by the same rules which control
in chancery in such cases. No order granting the interpleader
can be made until all the defendants have failed either to
demur or answer within the time allowed by the code for an
answer or demurrer to be served. Insurance Co. v. Lawrence,
28 How. Prac. Rep. 435. Prohibition is governed by the code
in Missouri, except as otherwise provided in the act regulating
the writ. Railroad v. Wear, 135 Mo. 230; R. S. 1899, secs.
4457-4462. The defendants are entitled to demur to the
interpleader bill or to deny, in their answer, any averment
upon which the bill rests as a bill of interpleader. Cross v.
Railroad, 96 Ala. 447; Roselle v. Bank, 119 Mo. 84. (b)
Nor is prohibition unavailable as applied to the facts of this

case. The fact that appeal or error is available to correct a ruling in excess of lawful power, will not preclude the use of prohibition where those remedies are not reasonably adequate or prompt under the circumstances. State, etc., v. Hirzell, 137 Mo. 435; State, etc., v. Aloe, 152 Mo. 484; Russell v. Railroad, 154 Mo. 428. (2) (a) Section 3631, by its terms, makes no such distinction in its application to cases falling under it, as contended for by opposng counsel. It is evidently a remedial statute, and should be given a liberal interpretation, and this, though it changes the common law. Rozelle v. Harmon, 103 Mo. 343; Weil v. Simmons, 66 Mo. 619; Martin v. Nichols, 63 Mo. App. 349. The construction contended for is a narrow and restrictive one, and one that really does violence to the legislative language employed. State, etc., v. Johnson, 132 Mo. 109. (b) The statute simply means where the suit sought to be stayed is pending when the application or rather orders for the injunction is made. The other construction would divide the suits (referred to in section 3631) into two classes, viz., those pending at the time of the beginning of the injunction proceeding, and the other when they arise subsequent thereto, and as to the latter would close the door to the remedial provisions of section 3631, which, in the absence of proper language on the subject, is hardly within the legislative contemplation. 19 Am. and Eng. Ency. Law, p. 220. (c) This equity of preventing a multiplicity of vexatious suits can only be worked out through the injunction process of the court, and it follows, therefore, that instead of being a minor and subsidiary part of an interpleader suit, it is the main and substantial relief granted. An injunction goes, in an interpleader suit, it seems, under the chancery practice without any affidavit as to the merits of the bill. 2 Joyce on Injunctions, p. 1288; 2 Daniel's Chancery Pr. (6 Am. Ed.), pp. 1550, 1551. This tends to support our view that injunction is at least a co-equal feature of an interpleader bill. Sylvester Coal Co. v. St. Louis, 130 Mo. 323; Greene v. Mun-

ford, 4 R. I. 313. (3) So the writ of prohibition should be made final on the ground that the circuit court refused to require an injunction bond as required by Revised Statutes 1899, sec. 3637. St. Louis v. Gaslight Co., 82 Mo. 356; Railroad v. Wear, 130 Mo. 256; State, etc., v. Elkin, 130 Mo. 91. But it is said the injunction was granted "on final hearing or judgment," and, therefore, no bond was required. R. S. 1899, sec. 3637. The order of July 22, 1901, was not a final decree or order. It was only an interlocutory one made in the progress of the cause, not being pleadable as *res judicata.* A judgment in order to be a bar as *res judicata,* must be a final one, and rendered on the merits. Garrett v. Greenwell, 92 Mo. 120. There can be but one final decree in a case. Deickhart v. Rutgers, 45 Mo. 135; Russell v. Railroad, 154 Mo. 428; Aull v. Day, 133 Mo. 337. A judgment, though on the merits, and though determining some substantial right which makes necessary further judicial action before the rights of the parties are settled, is not final. State, etc., v. Klein, 140 Mo. 502; 1 Black on Judgments, sec. 35; Barth v. Rosenfield, 36 Md. 616; Owings v. Rhodes, 65 Md. 413; Garrett v. Greenwell, supra; 2 Black on Judgments, secs. 509 and 695.

*J. Hugo Grimm* for defendants.

(1) The trial court did not grant a preliminary injunction at all, but did grant a final injunction upon a decree which was final so far as that part of the case is concerned in which plaintiff therein was interested. Glasner v. Weisberg, 43 Mo. App. 214; State ex rel. v. Kumpff, 62 Mo. App. 335. (2) The court had jurisdiction over the subject-matter, and the different parties submitted their persons to its jurisdiction and submitted the cause to its judgment. They might have insisted upon the court's suspending action on the petition until after they had pleaded thereto at the return term. But, having submitted the matter to the court, they certainly can not claim

that the court had no right to determine it. (3) The St. Louis City Circuit Court, in a suit of equity on a bill of interpleader, had jurisdiction to enjoin defendants from further prosecuting suits brought by them after the filing of the interpleader suit, based upon the liability confessed in said interpleader suit, in which the money was paid into court; and this notwithstanding the terms of section 3631, Revised Statutes 1899. This statute has no application in this case for two reasons: First, it has application only to proceedings for injunction to stay a suit pending at the time the injunction suit is filed; second, the statute applies only to proceedings whose sole purpose is to enjoin a judgment or stay a suit, and has no application to suits in which the injunction is merely ancillary to the main relief sought. In other words, a bill of interpleader is "not a proceeding on an injunction to stay a suit" within the meaning of the statute. Beckley v. Palmer, 11 Gratt. 631; Winston v. Coal Min. Co., 20 Gratt. 690; Mueller v. Bayley, 21 Gratt. 531. (4) But if all these reasons shall avail nothing, if the authority of the highest court of Virginia shall not be considered as worthy to be followed, and the petitioner's view of the meaning of our statute should be adopted, yet I respectfully submit that the court should not award a writ of prohibition for the very good and sufficient reason that petitioner has a full, complete and adequate remedy by appeal in the interpleader suit. State ex rel. v. Aloe, 152 Mo. 483; State ex rel. v. Hirzel, 137 Mo. 435; State ex rel. v. Scarritt, 128 Mo. 338; State ex rel. v. Klein, 116 Mo. 259; State ex rel. v. Anthony, 65 Mo. App. 543; Mastin v. Sloan, 98 Mo. 252.

*Frank K. Ryan* of counsel for defendants.

(1) When the petition of the Mutual Benefit Life Insurance Company was filed in the St. Louis City Circuit Court it acquired jurisdiction over the *res* of that suit, which could

not be ousted by the Cole county suit that was brought after-
wards. For, "when the petition is filed the suit is com-
menced," and a court of general jurisdiction, "If it has power
to begin, it has power to finish." State ex rel. v. Ross, 122
Mo. 456; Bartlett v. Spicer, 75 N. Y. 532; Corby v. Brown,
44 Mo. 381; R. S. 1899, sec. 566; Lumber Co. v. Wright,
114 Mo. 326; Real Estate Sav. Inst. v. Collonious, 63 Mo.
295; Roland v. Ross, 120 Mo. 216; Keeton v. Spalding, 13
Mo. 321; Moore v. Ruxlow, 83 Mo. App. 51. (2) The
statute providing that proceedings on an injunction to stay
a suit shall be had in the county where the suit is pending
has no application to a restraining order that is ancillary,
merely, to the main purpose of the bill in a suit brought in the
court of another county, because if such court has jurisdiction
to grant the relief sought, it has power to preserve the *status
quo* until effect can be given its decree. Baker v. Rocabrand,
118 Ills. 365; Hayes v. O'Brien, 149 Ills. 410; Lester v.
Stevens, 29 Ills. 155; Winston v. Mining Co., 29 Gratt. 286;
Moler v. Bailey, 21 Gratt. 521. (3) All the parties in
the interpleader case having been present at the hearing of
plaintiff's application for an injunction, and having consented
that the court should act on the plaintiff's petition, the orders
made by the court were valid, although before return day.
As time to answer is given for the benefit of defendants, they
may waive it and consent that a judgment may be rendered
before its expiration, and parties may submit a controversy
to the court for its judgment without action. Sec. 793, R. S.
1899; White v. Crow, 110 U. S. 183; Mitchell v. Allen, 37
Kas. 36; Rozelle v. Farmers' Bank, 119 Mo. 93. (4) The
matters now complained of by the plaintiff herein do not go
to the jurisdiction of the court in the interpleader case. At
most they were only irregularities, and plaintiff, having taken
no steps to correct them in that court, is presumed to have
waived them. It has always been held that a judgment before
return day is not void. Black on Judgments, sec. 85; White

v. Crow, supra; McClanahan v. West, 100 Mo. 323; Nave
v. Todd, 83 Mo. 601; Glover v. Holman, 3 Heisk. 519; West
v. Williamson, 1 Swan, 277; Freeman on Judgments, sec.
126.

VALLIANT, J.—This is an original suit for a writ to
prohibit one of the judges of the St. Louis City Circuit Court
from proceeding with a cause pending therein in which it is
alleged the court has exceeded its jurisdiction. The cause
in which the proceeding is sought to be prohibited is an equity
interpleader suit, brought by the defendant, The Mutual Ben-
efit Life Insurance Company, as plaintiff, against the plain-
tiff in this suit and others, as defendants, alleging that as a
life insurance company it had issued a policy for $5,000 on
the life of one Livingston E. Davison who had since died,
and the plaintiff was ready and willing to pay the amount of
insurance to whom it might be rightly due, but that a contro-
versy had arisen between the defendants, the widow, Mary
C. Davison, claiming by assignment, the children claiming
as beneficiaries, and the St. Louis Trust Company claiming
as administrator of the estate, each denying the others' claim
and each demanding payment of plaintiff. The prayer of the
petition was the usual prayer in such case, to the effect that
petitioner be allowed to discharge its debt by paying the
money into court and that the various claimants be required
to come in and interplead for it. The bill of interpleader
was filed June 22, 1901, returnable to the October term.
Summons was served on the St. Louis Trust Company, admin-
istrator, June 25, and on Mrs. Davison and the other de-
fendants June 27. The St. Louis Trust Company is a resi-
dent of St. Louis; Mrs. Davison, of Cole county; and the
children, of Jackson county, and the writ was served in their
respective places of residence. On June 24, Mrs. Davison
brought suit in the Cole Circuit Court against the insurance
company to recover the amount of the policy, and service of

summons was made that day; and on June 26, a like suit was brought in the name of the children against the insurance company in the circuit court of Jackson county, and the summons in that suit was served on that day. On July 10, the insurance company, as plaintiff in the interpleader suit, gave notice in writing to the defendants therein that it would on July 15 apply to a judge of the circuit court of St. Louis for an injunction to restrain them, respectively, from prosecuting their suits, or instituting any other suit against it, to recover on that policy. The interpleader suit had been duly assigned to Division No. 1 of the St. Louis City Circuit Court in which Judge Hough presided. On July 15, that division of the court was in session, it being a day of the June term. The interpleader petition was then heard on its merits and the court announced that the case was made out and that a decree in accordance with the prayer would be entered, but not until the insurance company had paid the money into court as it offered in its petition to do. On a later day in the June term, July 22, the money was paid into court, and the decree entered enjoining the defendants therein from prosecuting the suits above named or any suit against the insurance company on that policy, requiring them to interplead in that suit for the money in question, and discharging the plaintiff therein from further liability on that amount. The object of this proceeding is to prohibit the judge of the St. Louis court from exercising further jurisdiction in that case.

In the petition in the case at bar, on which the rule to show cause was issued, it is stated that the petitioner in this case appeared in that case pursuant to the notice that an application for a temporary injunction would be made and for the purpose only of resisting that application, and that no general appearance was entered. This cause was submitted to this court on the petition, returns and a stipulation in writing. In the stipulation is this: "2. That the facts stated in the return of the defendants herein as to matters occurring

before Judge Hough on July 15, and July 22, 1901, respectively, and the statements of the judge and of counsel there made (which do not appear of record) are correctly set forth in said return; that notwithstanding the foregoing, plaintiff reserves the right and the same is accorded to her of objecting to the competency of said matters and statements, and to their sufficiency as constituting a legal return or answer to plaintiff's petition herein."

The decree of the court begins with a recital as follows: "Now at this day comes the plaintiff by J. Hugo Grimm, its attorney, and presents to the court its petition, verified by affidavit, praying for an order authorizing it to pay into court the sum of $5,000 and to require defendants to interplead for said fund and for an injunction against said defendants enjoining and restraining them from instituting or prosecuting any suit or suits against the plaintiff; and thereupon appear the defendants," etc., naming each of them and the attorneys representing them, respectively. Then follows a recital to the effect that it was shown to the court that notice of the purpose to apply for an injunction was served on the defendants. That is all that the record of that court shows on the subject of appearance.

In the return of the insurance company it is stated that upon that occasion "all the parties to said suit appeared by counsel, and the different counsel having made their statements to the court, all agreeing that the interpleader suit, brought by the Mutual Benefit Life Insurance Company, had been filed on June 22, 1901, the suit brought by Mary C. Davison had been filed on June 24, 1901, and the suit brought by Guy P. Davison and Elise Davison had been filed on June 26, 1901, and it being conceded that the petition set forth the facts correctly, his Honor Judge Hough announced," etc. In that return it is also stated that no objection to the jurisdiction of the court was then made except that that court could not enjoin the prosecution of the suit in Cole

county; and that after the court announced its conclusion to do so it was further objected that that injunction could not be granted without requiring a bond. The return of Judge Hough is substantially the same as that of the insurance company with the further statement that after the parties had all been heard the cause was submitted to the court for its determination, "all of said attorneys for said defendants not objecting to such submission but acquiescing therein." Concerning what occurred in court July 22, that return says: "On said twenty-second day of July, 1901, the parties plaintiff and defendant were represented by their respective attorneys as before on said fifteenth day of July, 1901, and at said further hearing said attorney for said Mary C. Davison offered for insertion in the record of said cause a statement in writing to the effect, according to the remarks of said attorney, that his previous appearance in said cause was only for the special purpose of objecting to the jurisdiction of the court therein and that such appearance was not intended to be a general appearance in said cause. That upon said offering of said statement as aforesaid said attorney was told by the presiding judge of said division of said court, that he, said judge, had understood at the former hearing of said cause that he, said attorney, had made a general appearance for his client, Mary C. Davison, and same was not a special appearance. And said judge then asked said attorney: 'Am I correct in such understanding?' But said attorney did not answer said question, but withdrew his said request that said paper be made a part of said record, and said statement was not placed in the files of said court."

The foregoing are substantially the facts on which the writ of prohibition is asked.

I. The jurisdiction of a court, in a case like the one in question, depends on two conditions: first, the subject-matter of the suit must be such that the court can lawfully pass judgment upon it; second, the parties must be before the court

either by force of its process or by their voluntary appearance. As to the subject-matter, consent can not affect the jurisdiction, but as to the parties, it can. If the law does not confer on the court jurisdiction of the subject, consent of parties can not confer it. But parties whom the court has not reached or even can not reach by its process, may come in voluntarily and confer jurisdiction of their persons on the court. [17 Am. and Eng. Ency. of Law (2 Ed.), 1058-9.] Without voluntary appearance the court can not acquire jurisdiction of the person of the defendant until its process has been duly served and until the return day of the writ has arrived. Therefore, if the process is returnable to the October term, the court does not thereby acquire jurisdiction of the person before the October term, even though the process was served, as in this case, on the twenty-seventh of June before.

Under our law general jurisdiction both at law and in equity, is conferred on the circuit court. Therefore (leaving out of view for the present, section 3631, Revised Statutes 1899, which requires a suit to enjoin a proceeding at law to be brought in the county where such proceeding is pending, and which we will discuss later), there can be no question of the jurisdiction of the circuit court of St. Louis over the subject-matter of the interpleader suit. It certainly had jurisdiction of that kind of cases. And since one of the defendants lived in the city, and was served there, the summons for the other defendants could go to the other counties in the State and the service on them in the counties of their homes, respectively, was due process. [Sec. 562, R. S. 1899.] But that summons called them to court at the October term, therefore the court by force of that process acquired no jurisdiction of their persons at the June term, still, the petition being regularly filed, the court had jurisdiction of the case and awaited only the bringing in or the coming in of the defendants. As the defendants might have come voluntarily without process, so they could come before the day required by the summons,

and when they came and entered their appearance there was nothing wanting to give the court full jurisdiction. Of course, if the court had been in vacation, the judge could not have proceeded to judgment; but the court on this occasion was in regular session at the June term. Did these defendants enter their appearance at the June term? That they were all present and took some part in the proceedings in court, is admitted, and the only one of them who now denies that she entered a general appearance is the petitioner, Mrs. Davison. In the face of the statements in the returns, which it is stipulated are true, we do not see on what that denial can be based. Indeed, we do not understand counsel for the petitioner in their brief to take the position now that the statements in the returns on that point are not true, but they say that we can not look outside of the record of the court to learn what really transpired. The plaintiff here is not in a position to argue in that way. She is asking extraordinary process for relief against a judicial proceeding which in her petition she says was conducted when the court in fact had no jurisdiction of her person, not merely that the court record erroneously fails to show the jurisdictional fact. It is true, as the learned counsel say, that a court speaks only by its record, but that is said of a court record in a collateral inquiry; it is not true that the verity of the record can not be impugned by parol evidence in a direct assault in a manner allowed by law. For example, in this case, suppose when the parties appeared pursuant to the notice that an application for a temporary injunction would be made to one of the judges of the St. Louis Circuit Court, they discovered that instead of a mere preliminary proceeding, which might be had before a judge in vacation, the plaintiff presented his case in an open session of court and asked a final decree on its merits, and the defendants had then and there said that they were not there for that purpose and had thereupon retired, and suppose then a decree had been entered reciting that the defendants had appeared and con-

sented thereto, can there be any doubt but that in a proceed-
ing like this the defendants could show what the truth was by
parol evidence and prohibit the court from further proceed-
ings based on that decree? To hold the contrary would be to
say that a court could so intrench itself in its own record as
to be invulnerable to such an attack. If matters *de hors*
the record can not be shown in such a case as this, why is a
return called for at all; why not simply order the judge to send
up his record, as in a writ of certiorari? We are now deal-
ing with a question of fact—did the petitioner in this case enter
her unqualified appearance in that case? The insistence is
that we must look only to the writ which shows that she was
summoned to the October term, to the notice of an application
for an injunction, and to the judgment itself which shows that
it was entered at the June term and fails to show that it was
entered by consent and that we must shut our eyes to a fact
that is solemnly admitted to be true, because that fact does
not appear on the court record.

A writ of prohibiton is not a writ of right; before it is
granted, two things must appear: first, that the law sanctions
it, and, second, that a sound judicial discretion commends it.
[High on Ex. Rem., sec. 765; State ex rel. v. Levens, 32
Mo. App. 520.] Suppose the petitioner in her petition had
said, "True it is I did enter my unqualified appearance on
the fifteenth day of June, and in open court did admit the
statements in the plaintiff's petition to be true and consent
that the cause be then submitted for the judgment of the court,
but those facts are not shown by the record and without such
showing the court had no jurisdiction, therefore, I ask a writ
of prohibition." If she had stated her case in that form in
her petition there would have been no rule to show cause based
on that ground, yet that is substantially the argument now
made to support it.

We must conclude, therefore, that the statements in the
petition to the effect that the judgment or decree complained

of were rendered before the plaintiff herè had entered her general appearance there and therefore before that court had acquired jurisdiction of her person, are not sustained by the proof and that she is not entitled to the writ asked for on that ground.

The argument is made that a judgment which appears on its face to be *in invitum* can not by parol evidence be shown to have been rendered by consent, and cases are cited to sustain that position. [5 Ency. P. and P., 963; Gibson's Suits in Chancery, 963.] For certain purposes that is so, but without inquiring whether it is so in a proceeding like this, it is sufficient to say that there is no attempt here made to show that this decree was rendered by consent, in fact the contrary is shown. The statements in the returns go to show that the cause was submitted for judgment by consent, with the statements in the petition conceded to be true, but that the plaintiff in this suit insisted there that that court had no jurisdiction to issue an injunction against her, not on the ground that she was not in court, but on the ground that the circuit court of Cole county alone had jurisdiction to enjoin the prosecution of a suit pending in that county, and it was also insisted that an injunction as asked could not be granted without a bond.

But *cui bono?* Suppose we should find that the defendants in that case did not enter their appearance and should hold that the decree of July 22, was void because the court had no jurisdiction of the persons of the defendants, what would be the result? · The cause is still pending in that court, the return day has now passed and the court undoubtedly has jurisdiction of the subject and of the parties. It being conceded that the petition of the interpleader is sufficient and that the statements are true, that court would be compelled to enter the same decree now that it did then, unless it should now be convinced that it has no jurisdiction to enjoin the suits in Cole and Jackson counties. But if that court in that event should

be so convinced, it would only leave the injunction feature out of the decree, but would be bound to render judgment otherwise on the case. If, therefore, the court should render a decree finding the facts to be as stated in the bill of interpleader and adjudging that upon the payment of the money into court the plaintiff be discharged from all liability to either and all of the defendants, and that they be permitted to interplead for the fund, what effect would that have on the suits in Cole and Jackson counties? The decree would be a complete defense to either and both suits, even if there was no injunction. The money paid into court pursuant to the decree of interpleader is a full payment and discharge of that plaintiff's obligation to each and all of the defendants growing out of the transaction stated in the bill of interpleader. An injunction would prevent only vexation.

II. The statute relied on by the plaintiff in this case (sec. 3631, R. S. 1899), is: "Proceedings on an injunction to stay a suit or judgment shall be had in the county where the judgment is rendered or the suit is pending, and the summons may be directed and served as summons in ordinary cases."

If this statute has the effect that is claimed for it, it destroys the jurisdiction of courts of equity over bills of interpleader and renders suits of that character impossible except when all the claimants to the fund happen to reside in the same county. A purpose to accomplish that result would have to be very clearly expressed to convince us that such was the intention of the lawmaker.

Suits to enjoin proceedings at law, under various conditions, form a distinct and important class in equity jurisprudence. [Story Eq. Juris., sec. 874, and following.] Bills of interpleader, though they may incidentally affect by injunction proceedings at law, are not within that class. In the case now under review, although there was an injunction

Vol 165 mo—37

granted, yet, as we have seen, it was a mere incident, not essential to the substantial adjustment of the rights of the parties and of comparatively unimportant effect.

We are satisfied that section 3631 was intended to apply to suits coming within that class in equity jurisdiction above referred to which have for their main purpose the annulling of a judgment or enjoining a proceeding at law, and was not intended to apply to a suit in which the jurisdiction in equity exists upon other grounds than that of affording relief by injunction, and when that relief is merely ancillary to the main object of the suit. This is the construction which courts of other States have put on their statutes of similar purport. [Baker v. Rockabrand, 118 Ill. 365; Hayes v. O'Brien, 149 Ill. 410; Beckley v. Palmer, 11 Gratt. (Va.) 631; Winston v. Coal Co., 20 Gratt. 686; Muller v. Bayly, 21 Gratt. 521.] That statute did not affect the jurisdiction of the St. Louis Circuit Court in the suit in question.

III.    The remaining question for our consideration is, did the court exceed its jurisdiction by granting the injunction without requiring a bond?

The statute (sec. 3637, R. S. 1899) requires a bond only when a preliminary or temporary injunction is issued. But in this instance the injunction issued on final decree. In an interpleader suit, when the court decrees that the plaintiff is entitled to pay the money into court and be discharged and the decree recites that he has done so and directs that the defendants interplead for the fund so paid in, that decree, as between the original plaintiffs and defendants, is a final adjudication of the cause of action stated in the petition. [Roselle v. Bank, 119 Mo. 84; Glasner v. Weisberg, 43 Mo. App. 214; State ex rel. v. Kumpff, 62 Mo. App. 335; 2 Daniel Ch. P. 1659, et seq.; 11 Am. and Eng. Ency. Law, 472, and cases there cited.] If the hearing of an interpleader suit is to be delayed and the plaintiff seeks a temporary injunction to stay suits until his case can be heard and determined, then he would

have to give bond as the statute last above referred to requires. But on final decree no such bond is required; the claimants who are enjoined are amply protected by having the money paid into court for them.

The plaintiff's petition is not sustained by the proof, and, therefore, the writ of prohibition is denied.

All concur, except *Marshall, J.*, who concurs in paragraphs I and III, but dissents from the views expressed in paragraph II.