STATE OF MISSOURI EX REL. ROBERT E. WOOLMAN, RELATOR, v. JULES E. GUINOTTE, JUDGE OF PROBATE COURT, RESPONDENT.

Kansas City Court of Appeals. March 1, 1926.

*Ben R. Estill, Duvall & Boyd* and *Miles Elliott* for relator.

*George F. Anderson* for respondent.

BLAND, J.—This is an original proceeding in prohibition seeking to prohibit respondent, the Honorable Jules E. Guinotte, judge of the probate court of Jackson county, Missouri, from taking any further cognizance of the matter of the guardianship of the person and estate of the relator, respondent having attempted to adjudicate the relator insane and to appoint one Jeanette Raemer guardian over his person and estate. We issued the preliminary writ upon the filing of the petition herein.

The admitted facts are that on July 10, 1922, the said Jeanette Raemer, who is a daughter of relator, filed an information in the probate court of Jackson county, presided over by respondent judge, praying for an inquiry into the sanity of the relator. On the 11th day of July, 1922, a notice was issued to relator by respondent judge, directed to the sheriff of Jackson county, Missouri. This notice purported to inform the relator that an information had been filed in said court stating that relator was a person of unsound mind and possessed of property and was not capable of managing his affairs, and that an inquiry into said matters would be had in said court on the 17th day of July, 1922, at which time relator was requested to be present. The sheriff duly served this notice upon the relator by delivering a copy thereof to him. It is admitted that this notice was void for the reason that it failed to apprise relator of his right to be present in person at the inquisition and to be assisted by counsel. [See State ex rel. v. Hodgdon, 251 S. W. 131; State ex rel. v. Satterfield, 274 S. W. 482.]

On July 17, 1922, respondent proceeded to hold a hearing inquiring into the sanity of the relator and on said day a judgment was entered adjudging relator to be a person of unsound mind and incapable of managing his affairs. Respondent thereupon appointed the said Jeanette Raemer guardian of the person and estate of the relator. The judgment recites that "on this day comes on for hearing the inquiry into the mental condition of Robert E. Woolman, and comes Jeanette Raemer, the informant, in person and by attorney, and *said Robert E. Woolman comes not,* and the court finds that he has had due and legal notice of this hearing and appoints Maurice J. O'Sullivan, an attorney, to represent him herein," etc. (Italics ours.)

It is admitted that Jeanette Raemer has qualified and is acting as guardian of the person and estate of the relator and has assumed charge and control of relator's property and affairs. The petition for the writ alleges that relator was not present in court at the time of the hearing and the rendition of the judgment declaring him insane, but respondent's amended return denies this allegation and states that relator appeared in person at said hearing and that he was personally present and in the immediate presence of the court during all of the time of said hearing and that he was then and there assisted by counsel. It alleges that, even though the notice was defective, by relator's appearing in person the court obtained full and complete control to conduct the hearing and render the judgment. The return further alleges that the recital in the judgment that "said Robert E. Woolman comes not" is incorrect and contrary to the fact and that said recital was written into said judgment entry by mistake and inadvertence on the part of the clerk of the probate court in entering said judgment, which mistake respondent did not discover and of which he had no knowledge until the commencement of this proceeding for a writ of prohibition. Respondent further alleges that there are no minutes or memoranda kept by the probate court setting forth the fact of the appearance of relator at such proceeding on which to base an order correcting said judgment by a *nunc pro tunc* entry.

The amended return further alleges that on the 25th of June, 1925, said Jeanette Raemer, guardian of relator, commenced an action in equity in the circuit court of Jackson county against the respondent herein and relator, seeking to obtain a judgment and decree in said court authorizing and directing the respondent to correct said judgment of said probate court so as to make the recitals therein in reference to the appearance of said Robert E. Woolman in said probate court in said proceeding, conform to the fact and to set forth and show his appearance; that a copy of the petition and summons in said equity proceeding was duly served upon the respondent and that said action in equity is returnable to the September, 1925, term

of said circuit court. And "that an immediate trial could be had in said circuit court if answers were filed therein and application made for immediate trial, which this respondent offers to do in order to expedite an early determination of respondent's right to correct said judgment." A copy of the petition in said equity case is attached to the return.

The amended return further alleges that a portion of the real estate owned by relator at the time he was adjudged to be of unsound mind has been sold by said guardian under and pursuant to the order of the probate court, which sale will appear to have been made without legal authority and to be void in the event that the probate court is held to have been without jurisdiction to declare relator insane, and "that great confusion and a multiplicity of suits will follow unless said judgment of the probate court is corrected" in the matters heretofore mentioned. Respondent, in his amended return, asks that we authorize or direct him to make the correction of his records or that this proceeding be stayed until the equity case can be heard.

The petition in equity filed in the circuit court, seeking to correct the judgment of the probate court, alleges facts similar to those set forth in respondent's return in reference to the presence of relator in the probate court at the time he was adjudged insane, and his participation in the hearing by counsel appointed by the court, relator not having an attorney. It alleges that the recital in the judgment that "said Robert E. Woolman comes not" does not correspond to the fact and that said recitation was mistakenly put in the judgment by the clerk of the probate court in drawing the entry; that the term of the probate court at which the judgment was entered had expired and there were no records or papers in existence upon which to base a *nunc pro tunc* entry reciting the true fact as to the appearance of the relator; that the mistake of the clerk was not discovered until the filing of the application for a writ of prohibition in this court; that certain real estate of the relator had been sold and that plaintiff therein had received the proceeds thereof and the rentals from other property owned by relator and had applied the same, pursuant to the order of the probate court, to the care of relator and the support of his minor daughters and for the improvement of his real estate; that unless correction of the judgment be made the sale of the real estate will appear to have been void and the acts of the guardian will appear to have been without legal right or authority, etc. It alleges that said mistake or inadvertence on the part of the clerk of the probate court in entering the judgment was made without any neglect or knowledge thereof on her part and that there is no adequate remedy at law, and prays that the judge of the probate court be authorized and directed to correct said judgment so as to recite the appearance of the relator in said court in said proceedings, etc.

To the amended return of the respondent the relator filed a motion for a judgment on the pleadings, which admits all matters well pleaded in the amended return. The relator insists that the suit in equity, having been brought after the institution of this proceeding in, prohibition, ought not to affect the proceedings in this court; that in any event the suit of the guardian in equity is without substance and ——·- —— that even if the record of the probate court be corrected in the matters sought, still it would not have jurisdiction for the reason that the serving of the notice required by the statute is jurisdictional and that it cannot be waived by an insane person appearing at the inquisition.

Taking up the last contention first: It appears that in some states it is held that an insane person is capable of waiving the matter of proper notice by his appearance at the inquisition but whether that is the rule in this State in view of the character of the notice now required to be served upon the accused, we need not say in view of what follows. The curious may examine the following authorities on the subject: Crow v. Meyersieck, 88 Mo. 411, 415; State ex rel. v. Brasher, 200 Mo. App. 117; Burke v. McClure, 211 Mo. App. 446, 453; Hunt v. Searcy, 167 Mo. 158.

We think that the proceeding in equity to correct the judgment of the probate court is wholly without merit and should not arrest these proceedings. A court can correct its judgment after the expiration of its term only upon some record or some note or minutes made by the judge or clerk or some paper in the case. It cannot be done upon parol or extrinsic evidence. [34 C. J., p. 247, sec. 474; Wooldridge v. Quinn, 70 Mo. 370; St. Francis Mill Co. v. Sugg, 142 Mo. 358; Brown v. Fire Ins. Co., 184 S. W. 122; Evans v. Fisher, 26 Mo. App. 541; Smith v. Best, 42 Mo. 185; 1 Black on Judgments (2 Ed.) sec. 306.] However, the rule is not applicable to suits in equity brought for the purpose of correcting a judgment on the ground of fraud, accident or mistake. A mistake of the clerk in entering an erroneous judgment has been declared a sufficient basis for a suit in equity seeking to correct the matter on the ground of "accident." Of course, a court of equity has no right to overhaul a judgment of a court of law or to correct a judgment for mere irregularities or to correct a judicial mistake or to render a judgment that was not actually rendered. [34 C. J., pp. 453, 454, 462; Railway Co. v. Warden, 73 Mo. App. 117, 122; 1 Black on Judgments (2 Ed.), sec. 367.] But an accident due to a mistake or inadvertence of a court official when not a judicial mistake but of a ministerial character in entering a judgment not rendered by the court, may be corrected in a court of equity, absent negligence on the part of the party seeking the correction. [Engler v. Knoblaugh, 131 Mo. App. 481; Colwell v. Warner, 36 Conn. 224; Smith v. Wallace (Va.), 1 Wash. 254; Mayo v. Bentley (Va.), 4 Call 528; Byrne v. Edmonds, 23 Gratt. 200; Smith v. But-

ler, 11 Ore. 46; Waldron v. Letson, 15 N. J. Equity 126; Chapman v. Hurd, 67 Ill. 234; Henry v. Seager, 80 Ill. App. 172; Prussian National Ins. Co. v. Chichocky, 94 Ill. App. 168; Brathell v. Roderick, 34 Iowa, 517.] An exception seems to be recognized in this State to the rule that a judicial mistake will not be so corrected. Such a mistake will be remedied in cases where the court has rendered judgment for the wrong amount, intending to render it for the correct sum. [Wilson v. Broughton, 50 Mo. 17; Case v. Cunningham, 61 Mo. 434; Michie v. Grainger, 149 Mo. App. 301; 34 C. J., p. 462, and note.]

It seems apparent that the petition in equity does not now state a cause of action. Neither it nor the return herein alleges that the probate court actually rendered the judgment that it is sought to have its records show, that is to say, it is not alleged that it rendered a judgment reciting that relator actually appeared at the hearing and took part therein in person or by attorney. It is merely alleged that relator was present but through inadvertence of the clerk judgment was entered so as to read as it does in fact. In other words, it is nowhere alleged that the clerk entered up any different judgment than that rendered by the court. Under the circumstances the error of the clerk, if any, was at most a mere irregularity. [Engler v. Knoblaugh, supra, l. c. 488, 489.]

But respondent contends that the motion for judgment on the pleadings filed by relator admits the allegation in the amended return that relator was, as a matter of fact, present at the inquisition. Of course, the motion admits only those things well pleaded in the amended return and if respondent may not impeach his own records in this manner, the part of the return in question is not admitted. It is the general rule that a judgment of a court of competent jurisdiction imports absolute verity and cannot be impeached after the term at which it was rendered except by a *nunc pro tunc* proceeding and other than by appeal or a direct proceeding brought for that purpose. [1 Black on Judgments (2 Ed.), sec. 288; 34 C. J. 225; Ex parte Fisher, 184 S. W. 179; Title Guaranty Co. v. Drennon. 208 S. W. 474; Engler v. Knoblaugh, supra, l. c. 495.] However, prohibition in this connection is held to be direct proceeding. [Davidson v. Hough, 165 Mo. 561.] Of course, in a direct proceeding attacking the judgment one may show that the court rendering the judgment had no jurisdiction over his person by his personal appearance, absent a return of the sheriff purporting to show service of valid process upon him (Newcomb v. Railroad, 182 Mo. 687), where the judgment recites that he personally appeared. [Davidson v. Hough, supra, l. c. 574, 575; 1 Black on Judgments (2 Ed.), sec. 288; 15 R. C. L., p. 720.] But that is not this case. Here the respondent is, by the very nature of things, relying on the records of his court to excuse his course. He is attacking his own record. Can he say that parts of it recite the truth and another part is false? Under the circumstances

in his case, at least, we think not. To allow him to do so would be permitting him to do indirectly what he cannot do directly, even by a suit brought directly for that purpose in a court of equity, that is, change his record after the term by parol proof. [Wesley Hospital v. Strong (Ill.), 84 N. E. 205.]

From what we have said the preliminary writ should be made absolute and it is so ordered. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.