THOMAS R. GIDDENS, RESPONDENT, v. BANKERS GUARANTY LIFE COMPANY, APPELLANT.—37 S. W. (2d) 658.

Kansas City Court of Appeals. Opinion filed April 6, 1931.

*R. F. White* for respondent.

*Kay & Starling* for appellant.

CAMPBELL, C.—Plaintiff, on the 10th day of August, 1929, filed a petition in the office of the clerk of the circuit court of Miller county, in which "The Bankers Security Life and Accident Company" is named as defendant.

On January 20, 1930, plaintiff filed what is called an amended petition in which "The Bankers Guaranty Life Insurance Company" is named as defendant. Summons was issued thereon and duly served on G. E. Burson, secretary and chief officer of the named defendant.

On the 6th day of May, 1930, judgment by default was rendered in favor of the plaintiff.

In vacation, and on August 22, 1930, plaintiff filed what the parties denominate motion for "*nunc pro tunc* entry," in which it is in substance alleged that the correct name of the defendant is "Bankers Guaranty Life Company," and that process was duly issued in said cause and served upon defendant, and praying the court correct the

judgment so as to show the defendant's true name. Defendant was duly served with copy of said motion, but did not respond thereto.

Upon hearing of the motion the court found that process in said cause was duly served on the defendant and entered an order striking the word "insurance" from the name of the defendant in the judgment record. From that order the defendant has appealed.

Defendant has furnished an abstract of the record in which is set forth what it says is a complete transcript of the record in the case. There is no showing that a motion for new trial was filed, nor is there showing as to the evidence heard by the court.

Defendant presents the case upon the theory that there is nothing in the entire record to justify the entry correcting the judgment. This contention is based upon the well known rule that a court cannot, by *nunc pro tunc* entry, correct its judgment after the expiration of the term unless there is some record, note or minute made by the judge or clerk, or some paper in the case upon which to base the correction. [State ex rel. Guinotte, 282 S. W. 68.]

Even if the rule stated is applicable, we could not disturb the finding below because the evidence upon which the amendment was based is not preserved in a bill of exceptions. There may be some note or minute made by the judge on his docket or some paper in the case which justified the ruling. But, strictly speaking, the motion is not one asking for a *nunc pro tunc* entry, as that term is ordinarily used, but is one to amend the record by correcting the name of defendants. [Sec. 822, R. S. 1929.]

It has always been the rule that service of process upon the right party by the wrong name is good service. [Green v. Strother, 212 S. W. 399, 401.] Such ruling necessarily contemplates that oral evidence may be introduced to show the correct name of a litigant and, when shown, correction will be made.

The record considered, no error is shown. The judgment is affirmed. The Commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion by CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur, except *Trimble, P. J.,* absent.