## J. C. McDONALD et al. v. FANNIE McDANIEL et al., Appellants.

### Division One, March 29, 1912.

**JUDGMENTS: of Probate Court: Setting Aside in Equity: Fraud.** The judgment of a probate court having jurisdiction of the subject-matter and of the parties is just as conclusive as one rendered by a court of general jurisdiction, and it will not be set aside in equity because it was rendered upon a fraudulent cause of action or any other matter to which full defense might have been interposed on the trial, unless such defense was prevented by the fraud of the party who recovered the judgment. In order to annul such a judgment, it must be shown that fraud was practiced in its procurement, or that the court was misled by some artifice, trick or imposition to which the party who obtained the judgment was a privy. In all other cases it can be corrected only by appeal, writ of error, or other apt proceeding in the cause wherein it was rendered.

Appeal from Dallas Circuit Court.—*Hon. Argus Cox,* Judge.

REVERSED.

*John S. Haymes* and *O. H. Scott* for appellants.

*J. W. Miller* and *W. C. Hawkins* for respondents.

BOND, C.—Joseph McDonald died intestate in 1888, owning a tract of 120 acres of land in Dallas county, subject to the dower of Sidney Green, who was the mother of his wife.  At his death he lived in Texas.  He left three children, then minors (the present plaintiffs) but now of age, who bring this action to set aside a sale of land had in the course of administration to pay an allowed demand against his estate.  The land was bought by the holder of the allowed demand at the price of $125, being two-thirds of its appraised value.  The purchaser was Nathan B. McDaniel, who was the son of the dowress, and brother of the wife of Joseph McDonald, deceased.  Calvin Brashears, a brother of the dowress, was appointed administrator by the probate court of Dallas county, and in pursuance of its order made the aforesaid sale to his nephew, Nathan B. McDaniel, who lived on the farm and took care of his mother.

The petition alleges that the administration was taken out at the instance of the dowress and the creditor for the purpose of a fraudulent sale of the land to the said creditor; that the note evidencing his demand was invalid and barred by the Statute of Limitations; that the administrator made no defense to the claim and did not notify the nonresident heirs (the present plaintiffs), although he knew of their places of residence; that he colluded with and contracted with the said Nathaniel B. McDaniel to sell him the land before he was appointed administrator,

and did after his appointment sell the same at a grossly inadequate price of $125, when the land was worth at the time of said sale the sum of $1000, the said Nathaniel B. McDaniel becoming the purchaser and receiving a deed therefor executed by Calvin Brashears, administrator, dated the 23d day of May, 1891; that the said plaintiffs herein, although they wrote letters to Sidney Green inquiring about said land prior to the sale of said land, she, to the knowledge of Nathaniel B. McDaniel and of Fannie McDaniel, one of the defendants herein, answered these letters telling plaintiff they had no lands here, the said Nathan and Fannie McDaniel thereby becoming parties to the deception of these plaintiffs. Each of these plaintiffs at the time said fraudulent judgment was procured by said fraudulent acts as aforesaid were minors, knew nothing of the proceedings at the time, and were therefore unable to make any defense. That the appraisers who appraised the land prior to the sale aforesaid, misunderstanding the purpose of said sale by reason of the misrepresentation of Nathaniel B. McDaniel and the administrator as to the rights of the purchaser under said sale, appraised the land at much less than its real value. That the said Nathaniel B. McDaniel died on or about the year 1902. Plaintiffs therefore pray the court to set aside the judgment of the probate court which was fraudulently procured as aforesaid and to cancel and hold for naught the deed from Calvin Brashears to said Nathaniel B. McDaniel and divest the defendants of the title and vest the same in plaintiffs, and for all proper relief.

The answer admitted the relationship of the parties plaintiff and defendant as charged in the petition; that the owner of the dower interest in the land (Sidney Green) died in January, 1907; that the owner of the note allowed as a demand against the estate of Joseph McDonald purchased the land under a sale made in pursuance of the orders of the probate court

of Dallas county and received a deed therefor; and that he had died; and that the defendants are his widow and children and in possession of said land; and denied the other allegations of the petition.

The evidence tended to show that the note allowed as a demand against intestate's estate was the unpaid balance of the sum which the maker, Joseph McDonald, had promised to pay one of his wife's brothers for his interest in the land in controversy; that it was originally given for $100, and credits had been entered thereon for sixty dollars.

On the trial of this case, on the 8th of October, 1908, there was testimony tending to show that the value of the land at the time of its appraisement, *with a clear title,* was about $1000. However, the only one of the appraisers then living testified that it was worth at that time from $400 to $600 "with a clear title." The evidence showed that in making their appraisement of the land the appraisers valued it subject to the dower interest of Mrs. Green. There was no evidence of any irregularity whatever in the proceedings of the county court culminating in this sale.

The court rendered judgment annulling and setting aside the judgment of the probate court made in the course of the administration of said estate, and setting aside the deed made to the purchaser under the sale ordered by that court, and adjudging title to the property described in said deed to be fully vested in the plaintiffs, subject to a lien in favor of defendants for the sum of $125, being the purchase price of said land at the administrator's sale. From that decree the defendants duly appealed to this court.

## OPINION.

I. After a careful examination of the petition in this case and the evidence adduced on the trial, we have reached the conclusion that neither will support the judgment of the lower court. The object of this

suit was to annul the judgment of a probate court rendered with full jurisdiction of the subject-matter and the parties to be affected thereby. Such judgments are just as conclusive as those rendered by courts of general jurisdiction. [Covington v. Chamblin, 156 Mo. l. c. 588.] The judgment of a court of competent jurisdiction will not be set aside in equity because it was rendered upon a fraudulent cause of action, forged document, perjured testimony or any other matter to which full defense might have been interposed on the trial, unless such defense was prevented by fraud of the party who recovered the judgment. In order to annul such a judgment, it must be shown that fraud was practiced in its procurement, or that the court was misled by some artifice, trick or imposition to which the party who obtained the judgment was a privy. In all other cases the judgment can only be corrected by appeal, writ of error, or other apt proceeding in the cause wherein it was rendered. [Lewis v. Williams, 54 Mo. 200; Murphy v. DeFrance, 101 Mo. l. c. 157; Payne v. O'Shea, 84 Mo. 130; Hamilton v. McLean, 139 Mo. 678; Murphy v. De France, 105 Mo. 53; Oxley Stave Co. v. Butler Co., 121 Mo. 614; Moody v. Peyton, 135 Mo. 483; Hamilton v. McLean, 169 Mo. 51; Nichols v. Stevens, 123 Mo. l. c. 116; Wonderly v. Lafayette Co., 150 Mo. 635; Donnell v. Wright, 147 Mo. 647; Wabash Railroad Co. v. Merrielees, 182 Mo. 126; Fears v. Riley, 148 Mo. l. c. 58.]

In the case at bar there is no evidence tending to show that the probate court of Dallas county was deceived or misled or imposed upon in its judgment allowing the demand against the intestate's estate, or in the subsequent order of sale made for the payment of debts, or upon the confirmation of such sale, or at any time during the course of the administration of that estate. Neither is there any evidence that the administrator failed to give the notices required by

McDonald v. McDaniel.

statute in such cases. No complaint is made of any irregularity on the part of the court or the administrator in the procurement of such sale. The contentions made on behalf of plaintiffs are: that the relationship of the administrator and the purchaser and the dowress; the failure of the administrator to notify the heirs in Texas of the proposed sale; the under valuation of the land by the appraisers; the inadequate price paid, constitute, when taken together, sufficient proof that the judgment of the county court was procured by fraud. This is a misconception of the law. Whatever might be the weight of the foregoing or similar circumstances to set aside deeds and contracts *inter partes,* clearly they are not sufficient to impeach and annul the judgment of a probate or circuit court in the exercise of its statutory and general jurisdiction. For neither singly nor collectively do they afford any evidence of a fraud practiced in the very act of procuring the judgment, or that the court was induced by fraud to render the judgment in question. The established law of this State is, that equity will set aside judgments fraudulent in their obtention, but will not set aside judgments merely because they were rendered upon fraudulent causes of action. The necessary conclusion is that the judgment in this case is reversed. *Brown, C.,* concurs.

PER CURIAM.—The foregoing opinion of Bond, C., is adopted as the opinion of the court. All the judges concur.