FRANCIS J. BULLIVANT, Administrator, etc. Appellant, v. A. W. GREER and D. B. DEEM, Respondents.

In the Springfield Court of Appeals, July 2, 1924.

1. **LIMITATION OF ACTIONS: Evidence Held not to Show That Contract for Services was Oral and Therefore Barred by Statute.** Evidence *held* not to show that a contract for services was oral and therefore barred by Statute of Limitations.

2. **JUDGMENT: Proof of Fraud in Procurement Must be by Clear and Cogent Evidence Before Judgment Set Aside.** Before a judgment will be annulled in a suit in equity, proof of the fraud practiced in its actual procurement must be by clear and cogent evidence, leaving no room for reasonable doubt.

3. ————: **Not Annulled, Where Error or Fraud Practiced on Court Did Not Enter into Procurement.** That trial court may have given an erroneous judgment for plaintiff in an action on a contract for

services in holding that Statute of Limitations had not run would not support a decree to annul judgment, since it was not such an error or fraud practiced on court as entered into procurement of judgment.

4. ———: **Evidence Held not to Show That Fraud was Practiced in Procurement.** Evidence held not so clear, cogent, and convincing beyond a reasonable doubt as to show that fraud was practiced in the actual procurement of a judgment.

Appeal from the Circuit Court of Iron County.—*Hon. E. M. Dearing*, Judge.

AFFIRMED.

*L. M. Hall* for appellant.

(1) A judgment collusively or fraudulently procured should be set aside at the instance of the party against whom it was rendered. An allowance of a claim by the probate court is a judgment. Harris v. Terrell's Exr., 38 Mo. 421; Miles v. Jones, 28 Mo. 87; Smith v. Sims, 77 Mo. 269; Houts v. Shepherd, 101 Mo. 151. (2) The claim of Cramer v. Bullivant was barred by the Statute of Limitations. If, when a cause of action accrues. defendant is a resident of another State, such nonresidence does not prevent the running of the statute. Thomas v. Black, 22 Mo. 330; Fisse v. Clark, 55 Mo. 105; Orr v. Wilmarth, 95 Mo. 212; Mathews v. Appleby, 57 Mo. App. 615. (3) The judgment in the claim of Cramer v. Greer, Admr., was premature and the allowance of the probate court should be set aside for this reason. The order reviving the case required the defendant to answer on or before the "first four days" of the term, but the cause was tried and taken under advisement on the second day of the term. Hart's Admr. v. Walker et al., 31 Mo. 26; Brackett v. Brackett, 61 Mo. l. c. 223; Lawder v. Agie, 34 Mo. 372. (4) A court of equity, having taken

jurisdiction of the cause, will retain such jurisdiction until full and complete justice to all parties has been done. Marsh Automobile Co. v. Trust Co., 236 S. W. 58.

*Wilson Cramer* and *Lew R. Thomason* for respondents.

(1)   Even though by inadvertence or mistake the writ of *scire facias,* served on Greer, was made returnable on the first day of the next term, and the cause set on the second day for trial, and judgment rendered, such judgment was not void.   Every court has the exclusive control over its own process and no other court of co-ordinate jurisdiction has any right to interfere therewith.   Nelson v. Brown, 23 Mo. 19; Miller v. Bartlett, 89 Mo. 137; Gilbert v. Remmer, 94 Mo. 154; Farris v. Smithpeter, 180 Mo. App. 466.   (2)   A distinction is to be made where there is no service of process and where the service is merely irregular.   If the court to which the process is returnable adjudges it to be sufficient upon which to render a judgment, such a judgment is not void, and can only be set aside by the court rendering the same upon seasonable application, or reversed on appeal or writ of error.   Cole v. Butler, 43 Me. 401; Heidenbech v. Sweatbonn, 105 Mass. 30; Stewart v. Brady, 46 Kans. 397; Kimmel v. Brown, 43 Fed. 181. (3)   As between courts of co-ordinate jurisdiction, such as circuit courts of the same State, neither has any power, either in law or in equity, to set aside a judgment rendered by another court which is not void upon its face.   State ex rel. Dumas v. Price, 38 Mo. 382; Black on Judgments (2 Ed.), sec. 297; Black v. Plunkett, 132 Ind. 599; Storms v. Terry, 107 N. C. 103.   (4)   The Missouri law is that in order to set aside a judgment for fraud in a direct proceeding, it must appear that fraud was used in the very act of obtaining the judgment. Lewis v. Williams, Admr., 54 Mo. 200; Payne v. O'Shea, 84 Mo. 129; Murphy v. De Frank, 105 Mo. 53; Fears v. Riley, 148 Mo. 58.   (5)   The contention of appellant that Cramer's action was barred by the Statute of Limitations

is untenable, there being no evidence in the record to support it.

FARRINGTON, J.—The plaintiff filed a bill in equity seeking to annul an order of the probate court of Butler county allowing a claim against the estate of Francis Bullivant, deceased, in favor of Wilson Cramer, and to annul a judgment rendered in the circuit court of Ste. Genevieve county wherein Wilson Cramer was plaintiff and A. W. Greer, Administrator of the estate of Francis Bullivant, was defendant. The judgment which was rendered by the circuit court of Ste. Genevieve county was filed in the probate court of Butler county and forms the basis of the order or judgment of the Butler county probate court.

The charge in the bill is that Cramer, his attorney Lew R. Thomason, the Administrator of the Francis Bullivant estate, A. W. Greer, and the probate court of Butler county entered into a collusion and did practice a fraud on the Ste. Genevieve County Circuit Court and that the judgment there rendered was the judgment procured by fraud of these parties. To support this charge the plaintiff, as appellant, in this suit, alleges that the suit filed by Cramer and upon which the judgment was procured in the circuit court of Ste. Genevieve county, was based on a claim for services which claim had been outlawed when the suit was filed, and before proceeding farther with this opinion we may state that his proof in this case fails to show this fact. The petition filed by Cramer based his claim on a contract for services. It does not disclose whether this contract was oral or written. The answer which was filed by Francis Bullivant during his lifetime plead the Statute of Limitations. The reply filed by Cramer in that suit was a general denial which, of course, placed the question of whether the Statute of Limitations had run as to that contract. There is no proof in the case before us to show whether the contract for the hiring of Cramer by Francis Bullivant was in writing or oral. The nearest the plaintiff comes

to showing this is the production of a letter and some notes and a deed of trust sent by Cramer to Bullivant in Canada asking him either to pay his fee or make it in notes and secure it by a deed of trust. He might have done this on a written contract which he had, the same as if his contract had been oral. The proof, offered to show that his contract was oral, and therefore barred, falls far short of supporting the charge in the bill.

Appellant next relies upon the ground that the administrator, Greer, did not publish his notice of appointment. The whole case proceeds upon the theory that he was appointed as administrator and that he was served in plenty of time, and that the circuit court of Ste. Genevieve county had complete jurisdiction of the cause of action pending before it. There is a total failure in the proof to show that Greer, the administrator and the defendant in the Ste. Genevieve County Circuit Court case, failed to file an answer in that suit by reason of any connivance or collusion between the plaintiff or his attorneys.

The law is well settled in this State to the effect that before a judgment will be annulled in a suit in equity the proof of the fraud practiced in the actual procurement of the judgment must be by clear and cogent evidence, leaving no room for reasonable doubt. [Lieber v. Lieber, 239 Mo. l. c. 143 S. W. 458.]

The fact that the trial court of Ste. Genevieve county may have given an erroneous judgment for plaintiff in holding that the Statute of Limitations had not run (and we do not say that he did erroneously rule on this because the evidence which was before him is not before us), yet an error of that character would not support a decree to annul the judgment, as it was not such an error or fraud practiced on the court as entered into the procurement of the judgment. [See Wolff v. Brooks, 177 S. W. 337; Gallagher v. Chilton, 192 S. W. 409; Einstein v. Strother, 182 S. W. 122; Cackley v. Meyers, 199 S. W. 719; Doud v. Lockett, 215 S. W. 769; McDonald v. McDaniel, 242 Mo. 172, 145 S. W. 452.]

This suit presents the peculiar situation of having been filed in the circuit court of Butler county to annul a judgment not only of the probate court of Butler county but of the circuit court of Ste. Genevieve county. We doubt, without deciding it, whether the suit could be filed in Butler county to annul the judgment of the circuit court of Ste. Genevieve county, and this because of section 1951, Revised Statutes 1919, requiring that proceedings to enjoin or stay a judgment shall be brought in the county in which the judgment was rendered and what is said with reference to said statute in the case of Captain et al. v. Mississippi Valley Trust Co., 240 Mo. 484, 144 S. W. 466, and Davison v. Hough, 165 Mo. 561, 65 S. W. 731. The probate court of Butler county made its order and judgment allowing the claim based on the judgment of the circuit court of Ste. Genevieve county, and while the judgment of the probate court of Butler county may confer jurisdiction on the circuit court of Butler county to annul its judgment, the fraud practiced as alleged in the bill was in the procurement of the judgment in Ste. Genevieve county. We call attention to this situation without deciding on the jurisdiction, because as we view the proof on the charge of fraud it falls short of that required by the law.

The record shows that the administrator in the suit pending in Ste. Genevieve county was regularly and properly appointed and substituted as a party defendant in that cause, and that a term of court passed after he was made a party defendant and served before the judgment was entered; and while the judgment, when it was entered, was entered on the second day of the term of court rather than on the fourth day, as the notice given to the administrator stated that it would be taken up and heard, there is nothing showing that he nor any one else appeared on the fourth day, and besides, the defect is merely an irregularity and in no sense sustains the ground of fraud alleged in the bill.

We must, therefore, hold, as did the trial court when he dismissed the plaintiff's bill, that the evidence

produced falls short of the rule that it must be clear, cogent and convincing beyond a reasonable doubt. The judgment is, therefore, affirmed. *Cox, P. J.,* and *Bradley, J.,* concur.