RINGROSE J. CAPITAIN et al., Appellants, v. MISSISSIPPI VALLEY TRUST COMPANY et al.

**Division One, February 29, 1912.**

1. **JURISDICTION: Venue: Suit to Annul Judgment: Cloud on Title.** A suit whose primary purpose is to remove a cloud upon the title should be brought in the county where the land lies; but where the primary purpose of the suit is, by direct attack, to cancel a judgment, and the removal of the cloud upon the title is only incidental or ancillary thereto, the suit may be brought in the county where the judgment was rendered, though the land lies in another county. Sec. 2516, R. S. 1909, authorizes that course.

2. **JUDGMENT: Void on Face: Equity.** A judgment which on its face recites due process upon defendants, and the appointment of a guardian *ad litem* to act for the minor defendants and that he did act, is not void upon its face; but those recitals being false, and there being no service in the only method prescribed by law for service in such case, and the fact being that the guardian *ad litem* knew nothing of the proceeding, a suit in equity will lie to cancel and annul the judgment. [Following Priest v. Capitain, 236 Mo. 446.]

3. ————: **Lack of Jurisdiction Over Parties.** Failure to obtain jurisdiction over the persons of the minor defendants renders the judgment invalid. No action of the guardian *ad litem* can confer jurisdiction over the non-resident minors if they had not been served and proper proof made of that service in the manner prescribed by statute.

Appeal from St. Louis City Circuit Court.—*Hon. William M. Kinsey,* Judge.

REVERSED AND REMANDED.

*William F. McLaughlin, Robert & Robert* and *William L. Becktold* for appellants.

(1) This is a writ of error *coram nobis* and is the proper procedure to set aside a judgment for errors of fact and fraud. Smith v. Young, 136 Mo. App. 82; Cross v. Gould, 131 Mo. App. 600; Neenan v. St. Joseph, 126 Mo. 89; Craig v. Smith, 65 Mo. 536; Duggan v. Scott, 37 Mo. 663; Ex parte Tony, 11 Mo. 661; Fisher v. Fisher, 114 Mo. App. 627; Hadley v. Benero, 103 Mo. App. 549; State ex rel. v. Clarkson, 88 Mo. App. 553; State ex rel. v. White, 75 Mo. App. 257; Hirsch v. Weisberger, 44 Mo. App. 509. (2) No statute of limitations applies to a writ of error *coram nobis*. Powell v. Gott, 13 Mo. 458; Randalls v. Wilson, 24 Mo. 76; Latschaw v. McNees, 50 Mo. 381; Ex parte Gray, 77 Mo. 160; State v. Wallace, 209 Mo. 358; Hirsch v. Weisberger, 44 Mo. App. 506. (3) A suit cannot be further prosecuted against infant defendants after service of process until a guardian *ad litem* has been appointed. Any judgment rendered, without the appointment of a guardian *ad litem,* is void and can be set aside at a subsequent term on writ of error *coram nobis*. R. S. 1889, sec. 2005; R. S. 1899, sec. 558; Wells v. Wells, 144 Mo. 198; Neenan v. St. Joseph, 126 Mo. 89; Lehew v. Brummell, 103 Mo. 546; Cross v. Gould, 131 Mo. App. 600; State ex rel. v. Gawronski, 110 Mo. App. 414; Weiss v. Coudrey, 102 Mo. App. 68; Bishop v. Seal, 92 Mo. App. 170. (4) Written consent of person proposed as guardian shall be filed in the office of the clerk of the court before any answer by such infant shall be filed. R. S. 1889, sec. 2006; R. S. 1899, sec. 559; R. S. 1889, sec. 2007; R. S. 1899, sec. 560; Reineman v. Larkin, 222 Mo. 156; Kuhrts v. Isenstein, 123 Mo. App. 288; Creech v. Creech, 10 Mo. App. 586. (5) Where the officer serving the writ without the State of Missouri swears to it before anybody but the "clerk or judge of the court of which he is an officer" the re-

turn is void. R. S. 1889, sec. 2029; R. S. 1899, sec. 582; Russell v. Grant, 122 Mo. 179; Murdock v. Hillyer, 45 Mo. App. 287; Adams v. Heckscher, 80 Fed. 742; Barber v. Morris, 37 Minn. 194; Harris v. Sargent, 37 Ore. 41; State v. Foreman, 121 Mo. App. 509. (6) Where a mode of securing jurisdiction differing from that of the common law is prescribed by the statute, nothing less than a rigid and exact compliance with the provisions of the statute will confer jurisdiction. Kelly v. Murdagh, 184 Mo. 377; Feurt v. Caster, 174 Mo. 289; Corrigan v. Schmidt, 126 Mo. 304; Harkness v. Cravens, 126 Mo. 233; Myers v. McRay, 114 Mo. 377; Charles v. Morrow, 99 Mo. 646; Quigley v. Bank, 80 Mo. 297; State ex rel. v. Staley, 76 Mo. 158; State ex rel. v. Horine, 63 Mo. App. 1; Tourville v. Wabash, 61 Mo. App. 533. (7) When service of process is not duly made on a minor, the court acquires no jurisdiction, cannot appoint a guardian *ad litem* for him, and a judgment rendered against him is a nullity. Scott v. Royston, 223 Mo. 605; McMurtry v. Fairley, 194 Mo. 502; Wright v. Hink, 193 Mo. 130; Smoot v. Judd, 184 Mo. 555; Westmeyer v. Gallenkamp, 154 Mo. 28; Fischer v. Siekmann, 125 Mo. 165; Payne v. Masek, 114 Mo. 637. (8) The circuit court could acquire no jurisdiction by substituted service, even if the minors had been properly brought in. R. S. 1889, sec. 2029; R. S. 1899, sec. 582; R. S. 1889, sec. 2022; R. S. 1899, sec. 575. (9) The life tenant Sophia M. Capitain, being possessed of the legal title, the possession of the life tenant is not adverse to that of the remaindermen and such tenant cannot by her dealings with the estate make her or her grantees' possession adverse to the remaindermen, so as to start the Statute of Limitations against them during the life estate. Charles v. Pickens, 214 Mo. 212; McMurtry v. Fairley, 194 Mo. 502; Reed v. Lowe, 163 Mo. 519; Whitaker v. Whitaker, 157 Mo. 342; Fischer v. Siekman, 125 Mo. 165; Thomas v. Black, 113 Mo. 67; Null v. Howell, 111 Mo. 273; Col-

vin v. Hauenstein, 110 Mo. 575; Hickman v. Link, 97
Mo. 482; Sutton v. Casseleggi, 61 Mo. 397; Carr v.
Dings, 54 Mo. 95. (10) Even though judgment be en-
tirely void, the party against whom it exists has the
right to have it vacated and thus clear away any cloud.
1 Black on Judgments (2 Ed.), sec. 318, p. 483; Irvine
v. Leyh, 102 Mo. 204. (11) An order of the circuit
court as a court of chancery made on an ex parte peti-
tion by a testamentary trustee, authorizing him to en-
cumber the trust property to pay taxes due thereon,
is void as against the beneficiaries, as they were nec-
essary parties to the proceeding. Sampson v. Mitchell,
125 Mo. 217. (12) It was the duty of the life tenant to
keep up repairs, to pay annual taxes and to pay the
interest on encumbrances. Bone v. Tyrrell, 113 Mo.
188; Reyburn v. Wallace, 93 Mo. 326; Hildenbrandt v.
Wolff, 79 Mo. App. 333; Bobb v. Wolff, 54 Mo. App.
515. (13) It is a natural and the legal duty of a fa-
ther to support, maintain and educate his children. In
re Scarritt, 76 Mo. 584; Perrin v. Wilson, 10 Mo. 451;
Rankin v. Rankin, 83 Mo. App. 335. (14) Trustees
have no power, in the absence of an express provision
for the maintenance of infant beneficiaries, to devote
any part of a trust fund to such purposes, so long as
the father of the beneficiaries has sufficient ability to
support them. Hughes v. Hughes, 1 Brown's Ch. 387;
Mundy v. How, 4 Brown's Ch. 226; McKnight v. Walsh,
23 N. J. Eq. 24; Ibid., 24 N. J. Eq. 498; National Bank
v. Hancock, 100 Va. 107; Burker v. Turner, 85 N. C.
500; 28 Am. and Eng. Ency. Law, p. 1012; Edson v.
Bowie, 2 Bland 606. (15) The rule: "One having
the legal title to land and out of possession cannot
invoke equitable jurisdiction to remove a cloud upon
his title" does not apply where the plaintiff has only
an equitable title and the legal title is in the defendant.
Peters v. Berkemeier, 184 Mo. 399; Sneathen v.
Sneathen, 104 Mo. 201; Graves v. Ewart, 99 Mo. 13;
Mason v. Black, 87 Mo. 329. (16) One purchasing at

a judicial sale does so at his peril and takes all the hazards of the bargain; the rule of *caveat emptor* applies to execution sales, executors' and administrators' sales, sheriffs' and commissioners' sales. Falley v. Schlatitz, 180 Mo. 231; Plaster v. Grabell, 160 Mo. 669; Throckmorton v. Pence, 121 Mo. 50; Estes v. Alexander, 90 Mo. 453; Cravens v. Gordon, 53 Mo. 287; Cashion v. Faina, 47 Mo. 133; Strouse v. Drennan, 41 Mo. 289; Foley v. Boulware, 86 Mo. App. 674; Wheeler v. Ball, 26 Mo. App. 443.

*Joseph S. Laurie* and *Albert Blair* for respondent.

(1) Assuming that plaintiffs have the right to maintain this action, in order to become entitled to the relief sought, plaintiffs must show that said judgment was absolutely void; either because the court acquired no jurisdiction over them as defendants in that action, or because the appointment of a guardian *ad litem* for them as infant defendants, without his knowledge or consent, rendered the judgment void; or because the court had no jurisdiction over the subject-matter, and was consequently powerless to enter said judgment. The petition herein alleges that the court acquired no jurisdiction over defendants in the original action for the reason that the affidavit by the officer of the service of the writs, instead of being made before the clerk of the court of which he was an officer, as required by our statute (sec. 582), was made before the deputy clerk of said court, and that the certificate of the official character of said officer, instead of being signed by the clerk of said court, with the seal attached, was signed in the name of the clerk by said deputy clerk with the seal of the court attached. When the action herein was brought assailing, among other things, the alleged defect in such return, an application, in behalf of said deputy sheriff, was made to the court wherein the original cause was pending, to amend such return so that the same should conform literally

to the statute. Said motion, together with the amended return was submitted to the court, plaintiffs' counsel being present, and the court, after having considered the same, made an order allowing the motion to be amended as prayed. Thereupon said defendant (plaintiffs herein) took an appeal from the order of the court allowing said amendment, which appeal is now pending in this court, and by order of this court is to be argued and submitted in connection with this case. We have already filed a brief in said case, and do not, therefore, deem it necessary or proper to re-argue in this case the question as to the sufficiency of such return, or the power of the circuit court to allow the amendment. We will say, however, that defendants herein never have admitted or conceded that the original return was void; or that an amendment was essential. Said amendment was made merely as a matter of precaution. (2) It is claimed that Sellers was appointed guardian *ad litem* for defendants without his knowledge or consent, and that the attorney who had filed an answer in behalf of said guardian *ad litem,* acted without his authority, and therefore that the judgment was rendered void, even though the court had acquired jurisdiction over the defendants by due service of the writ. Conceding, for the sake of the argument, that the facts as to the appointment of the guardian *ad litem* and the answer of the attorney are as claimed, still this was at most only an error which rendered the judgment liable to be reversed upon appeal or writ of error, but did not affect the jurisdiction of the court over such defendants, and consequently the purchasers under such judgment are entitled to protection. 22 Cyc. 641; Black on Judg., sec. 193; 10 Ency. Pl. & Pr., 630; Rineman v. Larkin, 222 Mo. 171; Field on Infants, secs. 34, 165, 166; Freeman on Judgments, sec. 487; Townsend v. Cox, 45 Mo. 401; Charley v. Kelley, 120 Mo. 134; Cochrane v. Thomas, 131 Mo. 258; Weiss v. Coudrey, 102 Mo. App. 65. (3) A

court of equity has inherent jurisdiction to authorize
the sale even of the legal estates of minors in real
estate, whether in possession or remainder, for the
payment of debts and the maintenance of the infants;
and as to the equitable estates of infants, it is settled
that a court of equity has inherent jurisdiction to di-
rect a sale thereof whenever it becomes necessary,
either for the preservation of property, the mainte-
nance and education of the infant, or for the purpose
of reinvestment: 10 Ency. Pl. & Pr. 1033-7; 22 Ency.
of Pl. & Pr. 72, 75, 87, 733, 743; Pitcher v. Carter, 4
Sandf. Ch. (N. Y. L.); Anderson v. Mather, 44 N. Y.
249; Greenlaw v. Greenlaw, 16 Lea (Tenn.) 435; Gas-
senheimer v. Gassenheimer, 108 Ala. 651; Gavin v. Cur-
tin, 171 Ill. 640; Gorman v. Mullins, 172 Ill. 349; Kear-
ney v. Vaughan, 50 Mo. 284; Hamer v. Cook, 118 Mo.
476; Sampson v. Mitchell, 125 Mo. 217; Stevens v. De
La Vaulx, 166 Mo. 28; Heady v. Crouse, 203 Mo. 100.

GRAVES, P. J.—This case has for its companion
the case of John G. Priest, Trustee, et al. v. Ringrose
J. Capitain et al., 236 Mo. 446, decided at the last term
of this court, and reference should be had to the opin-
ion in the Priest case for some of the details in the
case at bar. As will be seen the Priest case was one
in which John G. Priest, as trustee under a deed made
by Ringrose J. Watson, applied to the circuit court
of the city of St. Louis for an order to sell the real
estate. An attempt was made to bring the present
plaintiffs into court by service of process upon them
in the State of California. In this Priest case we held
that the circuit court did not acquire jurisdiction over
the plaintiffs in this case because there was no valid
proof of the service of the writ of summons upon them
in the State of California. In the original Priest case
the lands were ordered sold and were sold in accord-
ance with such order of the circuit court. These plain-
tiffs were infants.

In the case at bar the plaintiffs seek to have the judgment and decree rendered by the circuit court of the city of St. Louis in the original Priest case declared null and void and the deeds made in pursuance of said sale under such order and decree declared null and void, and for other and further relief as called for in the prayer. The petition is exceedingly verbose and sets out in full the matter discussed by this court at the last term in said Priest case supra. The petition omitting these details reads:

"Now come the plaintiffs in the above entitled cause, Ringrose J. Capitain, Chouteau Capitain and Isabella Capitain Williams, and by leave of court, file this their amended petition, and for their cause of action state that the defendant Sophia M. Capitain was the daughter of Ringrose J. Watson and intermarried with Frank J. Capitain; that the plaintiffs Ringrose J. Capitain and Chouteau Capitain were the only sons born of said marriage, and are still living; that the plaintiff Isabella Capitain Williams, now the wife of —————— Williams, and the defendant Manette Howenstein, the wife of —————— Howenstein, now a widow, were the only daughters born of said marriage.

"That on the 6th day of October, 1869, Ringrose J. Watson was the owner in fee of the following described property:

"Lot number three of the subdivision of the estate of Ringrose D. Watson, deceased, containing thirty-three and thirty-two hundredths (33.32) acres, being lot number three of subdivision of a tract of one hundred and five (105) arpents conveyed to R. D. Watson by John Mackey, in United States Survey Number 2033, in the county of St. Louis, State of Missouri.

"That on said day said Ringrose J. Watson conveyed to Joseph Bogy and Edward T. Farish, by deed record in Book 394, page 527, of the office of the Recorder of Deeds of the city, then county, of St. Louis, said real estate and other real estate therein described.

That said conveyance was made to said Bogy and Farish in trust for the sole and separate use of Sophie M. Capitain, the daughter of the said Watson (said Sophie then being a *feme sole* named Sophie M. Watson), for and during her life, free from the control of her husband should she marry, and after her death in trust for the heirs of the body of the said Sophie M. Capitain (formerly Watson) in fee; provided that so soon after the death of the said Sophie M. Capitain (formerly Watson) as any surviving child of the said Sophia shall have attained the age of twenty-one years, such child shall hold its interest in said property wholly discharged of the trust; and also providing for further disposition of the property in case the said Sophia M. Capitain (formerly Watson) died leaving no children. A copy of said trust deed is hereto attached and marked 'Exhibit A' and made a part hereof.''

Here follow the allegations as to how Priest became trustee and the court proceedings begun by him to procure the sale, and allegations as to the sale itself and the deed made thereunder. The details of these matters are found in the opinion in the Priest case, supra. The petition in the present case thus concludes:

"That under said decree the land herein described was ordered sold and said John G. Priest, as trustee and commissioner, sold said land to A. K. Stewart, and on October 28, 1892, acknowledged a deed conveying said land to said A. K. Stewart.

"That on the second day of January, 1892, defendant, the Mississippi Valley Trust Company, was duly appointed trustee under said deed in the place and stead of said John G. Priest.

"That the defendants Sophie M. Capitain and Manette Howenstein are non-residents of this State. That Sophia M. Capitain is now *sui juris* and is a resident of the city and county of Los Angeles, State of

California; that the whereabouts of Manette Howenstein are unknown, and that the ordinary process of law cannot be served upon the said Sophie M. Capitain and the said Manette Howenstein. That the plaintiffs are the only surviving children of the said Sophie M. Capitain except Manette Howenstein (formerly Capitain), who is also a child of the said Sophie M. Capitain, and a widow. That Frank J. Capitain was the husband of Sophie M. Capitain and is now dead. That no children born to the said Sophia M. Capitain have died leaving children. That Ringrose J. Capitain was born October 29, 1875; that Isabella Capitain Williams was born May 1, 1879; and Chouteau Capitain was born February 15, 1882.

"Plaintiffs further state that said order of court, said sale and conveyance to said Stewart, and said decree and the amendments thereof, were void, for the reason that this court was without jurisdiction to render said decree or make said orders, for the reason that it acquired no jurisdiction over the infants, they having not been served according to the requirements of the statutes of the State of Missouri, and the officer pretending to have served them with copies of the *alias* writ and petition and amended petition not having made return to such service in accordance with the statutes of Missouri. And for the further reason that the court had no jurisdiction of the subject-matter of the action, and that the court had no power to sell the remainders vested in these plaintiffs for the benefit of the life tenant, and that it was the duty of the life tenant to pay the taxes and mortgage on said land, and that the remainders of these plaintiffs could not be sold by the court because of such default on the part of said life tenant, and that these plaintiffs had no interest in the income from said property during the life of said life tenant, and that at the time the father of the plaintiffs, the said Frank J. Capitain,

was then living and was supporting these plaintiffs, as he was bound in law to do.

"That said decree, order of sale, alleged sale and conveyance were void, for the further reason that the appointment of said John M. Sellers was without the knowledge or consent of said Sellers; that his answer was filed therein at the instance and behalf of the plaintiff and was fraudulent as to these plaintiffs, and that said plaintiffs were not represented in said suit.

"That said proceedings, the decree rendered therein, and the amendments thereof, constitute a cloud upon the title to the remainders vested in these plaintiffs under said deed referred to herein as Exhibit A, and render the same unsalable.

"That the Mississippi Valley Trust Company, a corporation; the Continental Realty Company, a corporation; Edward B. Pryor, John C. Weber and E. L. Dozenbach, claim an interest in said land.

"Plaintiffs further state that they are without any remedy or any adequate remedy at law.

"That by reason of the premises said decree and the amendments thereof and said sale and conveyance were, as to these plaintiffs, null, fraudulent and void.

"Wherefore, plaintiffs pray that said decree rendered in said cause number 87948, and the amendments thereof, and said conveyance, be cancelled, set aside and for naught held, as to these plaintiffs, and for such other and further relief as to the court shall seem meet and proper."

The answer is a general denial and several special defenses, which can best be noted as required. This sufficiently states the condition of the pleading. Upon trial the court dismissed plaintiffs' bill for reason stated in a written opinion filed, but which reasons we deem immaterial here.

It will be observed that the plaintiffs are remaindermen with the life tenant yet living. It must be further observed that the gist of their action is to cancel

this judgment and decree and the deed made under the sale directed by such judgment and decree for the alleged reason that such instruments constitute a cloud upon their title. The land specified in the petition is situated in St. Louis county and not in the city of St. Louis. The foregoing will suffice for a statement of the case.

I. At first blush the jurisdiction of the St. Louis Circuit Court might rest in doubt. The evident ultimate purpose of the bill is to remove a cloud from the alleged title of plaintiffs to land in St. Louis county, and not to lands within the territorial jurisdiction of the circuit court of the city of St. Louis. Plaintiffs so declare in their bill. They say this judgment clouds their title and renders their interest as remaindermen unsalable. Suits to remove cloud from title should be brought in the county where the land is situated. But the petition in this case may well be given another construction. It may be well classed as a direct action in equity to cancel a judgment, and as such action the suit was properly brought in the circuit court of the city of St. Louis.

We have a statute, section 2516, Revised Statutes 1909, which reads: "Proceedings on an injunction to stay a suit or judgment shall be had in the county where the judgment was rendered or the suit is pending, and the summons may be directed and served as summons in ordinary cases."

This statute has been upon the books in the same language for years. We have held that such statute applies to cases where the purpose of the action is to annul a judgment.

In Davison v. Hough, 165 Mo. l. c. 578, VALLIANT, J., for the court said:

"We are satisfied that section 3631 (R. S. 1899) was intended to apply to suits coming within that class in equity jurisdiction above referred to which have for

their main purpose the annulling of a judgment or enjoining a proceeding at law, and was not intended to apply to a suit in which the jurisdiction in equity exists upon other grounds than that of affording relief by injunction, and when that relief is merely ancillary to the main object of the suit. This is the construction which courts of other States have put on their statutes of similar purport.''

Taking the view therefore that the real gist of the action is to annul the judgment in the Priest case, and that the removal of the alleged cloud upon the title to lands is only an incidental matter, the circuit court of the city of St. Louis had jurisdiction perforce of the construction which we have given the statute, supra.

II. The judgment in the Priest case upon its face recited due service of process upon these plaintiffs as parties to that suit. It also recited the appointment of a guardian *ad litem* to act for them and that he did act, when under the evidence the guardian *ad litem* knew nothing of the proceeding. The judgment was not necessarily void upon its face. It required proof other than its own recitals to show that it was void. Under such conditions an action in equity will lie to cancel and annul such a decree, when brought by the proper parties, and there is no question in this case as to the present plaintiffs being proper parties to such suit. The amended judgment recites: ''That due service of process has been had upon all of the said defendants, Sophia M. Capitain, Ringrose J. Capitain, Isabella Capitain and Chouteau Capitain, by the delivery to each of them at Los Angeles, in the State of California, more than twenty days before the beginning of the June term, 1892, by an officer of said State of California authorized to serve process within said State, a copy of the amended petition, and of the writ of summons for said defendants heretofore issued herein; also that said defendant Sophia M. Capitain is an in-

sane person and the other defendants minors and children of said Sophia; that an answer has been duly made and filed herein for said insane person and said minors by John M. Sellers, their guardian *ad litem.*"

From this recital it appears that the court in the Priest case had proof of due service of the process upon the present plaintiffs. Upon the trial of this cause, however, the evidence shows that there was no legal proof of the service of this process. The record in the case at bar upon this point is the same as the record in the case of Priest v. Capitain, supra. In the later case we discussed the question involved in this case, not because it was necessary to a disposition of that case proper, but because it was thoroughly briefed upon both sides, and seemed to have been taken by counsel as a necessary question in that case. We could have finally disposed of that case by the simple holding that the trial court erred in allowing the proof of service to be amended or changed after judgment. However, we went further for the reasons above stated, and for the reasons stated in that opinion. A re-examination of the law in this case has not changed our views. We said then and say now: "The statute under consideration prescribes a single method of proof. It does not leave it open to other methods of proof." There was an attempt to make the statutory proof of service, but it was utterly defective and therefore unavailing to confer jurisdiction upon the court. As the statute permits but one method of proof and as the evidence in this case conclusively shows that the statutory proof of service was not before the circuit court in the Priest case, it follows that the recitals in this judgment now attacked is erroneous and false. It also follows that the court had no jurisdiction over these plaintiffs in that Priest case, and as to them that judgment and decree would be declared void, if they are not debarred by other matters.

240 Sup.—32

III. We indicated above that the trial court filed a memoranda opinion in the cause. This gives us the theory of the trial court. Among other things the trial court held that this amended proof of service was proper, and through such amended proof the court had jurisdiction in the original Priest case. That the amendment related back and made the service of process good. The court then proceeded to discuss the question of the trial court's jurisdiction of the subject-matter in the Priest case, and held that there was jurisdiction of the subject-matter. The trial court also discussed the Statute of Limitations and held that these plaintiffs were not barred thereby. Of this last holding plaintiffs can not and do not complain here, but respondents urge it.

We need not discuss the jurisdiction of the subject-matter owing to the views which we have expressed as to the jurisdiction of the court over the person of the plaintiffs in the Priest case. The failure of jurisdiction over the person rendered the judgment bad. No action of the guardian *ad litem* could confer jurisdiction if the minors had not been served and proper proof of that service made. [Scott v. Royston, 223 Mo. 568.]

What view the trial court might have taken of this case under the views which we have expressed as to this amended proof of service, and the judgment of the circuit court in the original Priest case on the original proof of service, is not exactly clear. The court erred in holding the original judgment valid and binding, and for that error its judgment must be reversed and cause remanded. With that original decree held to be good, there was nothing of substance left in plaintiffs' bill. With that judgment and decree held to be bad, as we have indicated should be held, it would of necessity force a fuller consideration of other matters pleaded in the answer. The petition we think states a good cause of action, but we will leave the matters

of defense open to a more thorough consideration upon a retrial of the cause, in the light of the views expressed in this opinion, as well as those expressed in the opinion in the original Priest case. These questions were, on the former trial, overshadowed by the greater question of the validity of the original judgment. With these views we reverse and remand the cause.   All concur.