THE STATE ex rel. P. S. TERRY v. WILLIAM H. ALLEN et al., Judges of St. Louis Court of Appeals.

In Banc, April 13, 1925.

**JURISDICTION: Interpleader: Independent Injunction to Enjoin Separate Suits by Defendants Elsewhere.** Relator, having in his possession a fund to which three insurance companies and other persons made claim, filed a bill of interpleader, making all such claimants defendants, and deposited the fund with the clerk. Summons was served on all the defendants and all answered, each setting up claim to the fund or to a part of it, but before the submission of the cause the three insurance companies instituted separate suits against relator in another county for the recovery of said fund. *Held,* that the circuit court in which the interpleader suit was pending had no jurisdiction of an independent suit instituted therein by relator to enjoin the defendants in his interpleader suit (the insurance companies) from prosecuting their said suits against him for said fund; and the Court of Appeals in so ruling did not contravene Davison v. Hough, 165 Mo. 561. Relator's independent suit to enjoin the defendants in the interpleader suit from prosecuting their separate suits against him for the fund was not an incident of that suit, or ancillary to it, and the jurisdiction of the court in that suit was limited to granting the specific relief invoked by it. and did not extend to independent suits.

---

Citations to Headnotes: Headnote 1: Courts, 15 C. J. sec. 518; Injunctions, 32 C. J. sec. 135.

*Certiorari.*

PEREMPTORY RULE DISCHARGED.

State ex rel. Terry v. Allen.

*Albert Miller* and *P. S. Terry* for relator.

The case at bar is exactly like the case of Davison v. Hough, 165 Mo. 561. In both cases the plaintiff had a fund. In each case a resident of the county in which the plaintiff resided claimed the fund. In each case two or more residents of other counties than where the plaintiff resided also claimed the fund. In each case an interpleader suit had been filed, and after the interpleader suit had been filed an injunction was applied for. In each case the judgment in the circuit court was one where the injunction was sustained and the defendants restrained from the prosecution of at least two suits, two or more of which were pending in jurisdictions other than that in which the injunction and interpleader suits were filed. In each case the defendant, who was a resident of the county in which plaintiff lived and where the suits were filed, filed no suit against the plaintiff interpleader. The only difference in the cases that we are able to discover is that in the Davison case the court was in session all the time and the case was tried at once. In that case the interpleader suit was not delayed. In the case at bar the interpleader suit was delayed and, in the case at bar, in addition to asking that three suits be restrained, the plaintiff asked that Pilliard and Hague be restrained from prosecuting any suits and that the defendant insurance companies be restrained from further annoying plaintiff in regard to taking depositions, etc., making the case at bar a little stronger, because it had another object than that of restraining suits and that was to restrain Pilliard and Hague from prosecuting suits and to restrain the insurance companies from annoying plaintiff by taking unnecessary depositions. Pilliard and Hague concede that plaintiff had a cause of action against them and the Court of Appeals is bound to concede it because Pilliard and Hague did not appeal from the injunction. The relator had brought his interpleader suit in good faith against three insurance companies and Pilliard and Hague. After that interpleader suit had been filed and all of the defendants had an-

swered, then these three insurance companies attempted to deprive the Circuit Court of Jefferson County of its jurisdiction, make its decrees ineffective and make its judgment void and of no force. The interpleader suit had been tried; it was taken under advisement. If these suits and threats to sue had been permitted to go on it would have deprived plaintiff of all of the benefits secured to him under the interpleader suit and they would have compelled him to go to the expense of defending himself against these three suits in St. Louis and deprived him of the four thousand dollars which he had put up in court. The interpleader suit in the circuit court was decided in plaintiff's favor. All of the defendants appealed, and in the Court of Appeals attorneys for respondents come into court and say that the relator was entitled to interplead and have an interpleader fee taxed. Yet there are three cases pending against this relator in the Circuit Court of St. Louis which relator is compelled to defend if the opinion of the Court of Appeals be upheld. We claim ''that the statute was not intended to deprive courts of equity of inherent powers which are necessary to enable them to make their decrees effective,'' and that the Circuit Court of Jefferson County had a right to prevent interference with its jurisdiction; that the Circuit Court of St. Louis could not remove the subject-matter of the litigation, to-wit, the four thousand dollars from Jefferson County to St. Louis, and compel either plaintiff or defendants to be forced out of the jurisdiction of Jefferson County to the city of St. Louis, because the parties plaintiff in the cases in St. Louis were already parties defendant in Jefferson County. ''Equity regards the substance rather than the form.''    24 C. J. 204.

*Leahy, Saunders & Walther* for respondents.

RAGLAND, J.—*Certiorari,* Relator seeks to quash the judgment of the St. Louis Court of Appeals in the case of Terry v. Hague et al., 251 S. W. 77, lately pending before it on appeal from the Circuit Court of Jefferson

County. In general outline the pertinent facts, as disclosed by the opinion of the Court of Appeals, are these: Relator, Terry, had in his possession a fund of $4,000 with respect to which John Hague, W. H. Pilliard, American Central Insurance Company, National Fire Insurance Company and Reciprocal Exchange made conflicting claims. Terry filed a bill of interpleader in the Circuit Court of Jefferson County making the claimants of the fund parties defendant; he also deposited $4,000 with the clerk of that court. Summonses were served upon the several defendants and in due time each filed his answer setting up his claims to the fund, or a part of it. A trial of the issues thus made was had, the cause submitted and taken under advisement by the court. After the institution of the interpleader suit, but before the submission of the cause, each of the three insurance companies instituted a suit in the Circuit Court of the City of St. Louis against Terry for recovery of the fund of $4,000. After the submission in the interpleader suit, Terry, the plaintiff therein, instituted against all the defendants therein, in the Jefferson Circuit Court, an independent action to restrain the defendants from bringing any further suits against him for the fund and from prosecuting the actions therefor then pending in the Circuit Court of the City of St. Louis. In this latter suit plaintiff obtained judgment in the trial court. On appeal of three defendants, the three insurance companies, the judgment as to them was reversed. The judgment of the Court of Appeals reversing that of the trial court is the judgment sought to be quashed in this proceeding.

The ground of decision of the Court of Appeals and the underlying reasons therefor are tersely stated in the opinion as follows:

"The point raised, that the Circuit Court of Jefferson County was without jurisdiction to prevent the prosecution of the three cases pending in the Circuit Court of City of St. Louis, is in our opinion well taken. Section 1951, Revised Statutes 1919, provides that proceedings on an injunction to stay a suit or judgment shall be had in the

county where the judgment was rendered or the suit is pending.

"It will be perceived that this is a bill simply to enjoin proceedings at law. The main purpose of this suit, and the primary relief prayed, is an injunction to enjoin the prosecution of suits pending in the Circuit Court of City of St. Louis. Injunction is not prayed as ancillary or incidental to some other equitable relief; and, therefore under the statute, the remedy must be sought only in the Circuit Court of City of St. Louis.

"Counsel for plaintiff relies upon Capitain v. Trust Company, 240 Mo. 492, 144 S. W. 466, and Davison v. Hough, 165 Mo. 561, 65 S. W. 731. These cases do not support plaintiff's contention that the Circuit Court of Jefferson County acted within its jurisdiction in enjoining the prosecution of the cases pending in the Circuit Court of St. Louis. In these cases, as well as in the cases cited therein, the purpose, or the main relief prayed, was not the annulling of a foreign judgment or enjoining a proceeding in a foreign court, but the injunctive relief prayed was merely ancillary or incidental to the main object of the suits. These cases are therefore to be distinguished from the instant case which is an independent proceeding, the main purpose of which is to restrain the prosecution of suits pending in a foreign jurisdiction.

"There was no evidence adduced to prove the allegation in the bill that the appellants were threatening to prosecute other suits against plaintiff, bottomed on the four thousand dollars in controversy; nor do we find any evidence in the record upon which to uphold that part of the decree enjoining appellants from filing any further suits against the plaintiff."

In a general way it may be said that the matters set forth in the petition in the injunction suit constituted an undoubted ground for equitable relief, and that it was competent for the Circuit Court of Jefferson County, as a court of general jurisdiction, to grant such relief, unless restrained by a specific statutory enactment. The

Court of Appeals held that it was so restrained by virtue of Section 1951, Revised Statutes 1919, which provides that proceedings in an injunction to stay a suit or judgment shall be had in the court where the judgment was rendered or the suit is pending. This ruling relator contends is in conflict with the decision of this court in Davison v. Hough, 165 Mo. 561.

In the Davison case a $5,000 policy issued by the Mutual Benefit Life Insurance Company matured upon the death of one L. E. Davison. A controversy arose among the administrator of his estate, his widow and his heirs as to who was entitled to the insurance. The insurance company instituted an interpleader suit in the Circuit Court of the City of St. Louis, making all of the claimants parties defendant. After the filing of the bill of interpleader, but before the service of summons on the defendants, a suit on the policy was commenced by the widow in Cole County and another by the children in Jackson County. Thereupon the plaintiff in the interpleader suit served notice upon the defendants therein that it would apply, on a day named, to the circuit court in which said cause was pending for an order therein restraining the defendants from prosecuting their said suits, or any other, to recover on the policy of insurance. The parties appeared in response to the notice and after a hearing in the Circuit Court of the City of St. Louis in which the interpleader suit was pending, and in that cause, the court entered its order enjoining the defendants from the further prosecution of their suits in Cole and Jackson counties. Thereupon one of the defendants sued out in this court a writ to prohibit the judge of the St. Louis court from exercising further jurisdiction in the matter of enjoining the prosecution of suits that had been instituted in Cole and Jackson counties. Relator in that case contended that the statute above referred to deprived the Circuit Court of the City of St. Louis of jurisdiction of a proceeding to enjoin the prosecution of suits pending in Cole and Jackson counties. This court denied the contention on the ground ''that Section

3631 [now Section 1951] was intended to apply to suits coming within that class in equity jurisdiction which have for their main purpose the annulling of a judgment or enjoining a proceeding at law, and was not intended to apply to a suit in which the jurisdiction in equity exists upon other grounds than that of affording relief by injunction and when that relief is merely ancillary to the main object of the suit.''

The gist of the holding in the Davison case was that the statute was not intended to deprive courts of equity of inherent powers which are necessary to enable them to make their decrees effective. The injunction granted in that case was incident to the main relief sought through the bill of interpleader. If in the instant case the injunction had been granted by the Circuit Court of Jefferson County *in the interpleader suit,* it would have been on a footing with the Davison case. The proceeding in the interpleader suit in the Jefferson County Circuit Court did not confer upon that court jurisdiction generally over all related matters. Its jurisdiction as distinguished from the jurisdictions of other circuit courts in the State was the *specific* jurisdiction invoked by the filing of the interpleader, and that jurisdiction was limited to the granting of relief *in that cause.* As to other and wholly independent actions, though involving in some particulars the same cause of action, the jurisdiction of the Circuit Court of Jefferson County, at least so far as subject-matter is concerned, was in no way different from that of the circuit court of the adjoining County of Washington, or any other circuit court in the State. As the injunction in this case was not granted in the interpleader suit, but in an independent proceeding instituted solely for that purpose, the question of jurisdiction raised with respect to it is not ruled by the Davison case. The distinction is clearly pointed out by the Court of Appeals.

No conflict of decision appearing our writ should be quashed. It is so ordered.

PER CURIAM:—The foregoing opinion of RAG-LAND, J., in Division One, is adopted as the opinion of Court in Banc. *David E. Blair, Walker* and *White, JJ.,* concur; *Graves, C. J.,* and *Woodson, J.,* dissent; *Atwood, J.,* not sitting.