THE STATE EX REL. ST. CHARLES SAVINGS BANK v. ROBERT W. HALL, Judge of Circuit Court of City of St. Louis.—12 S. W. (2d) 91.

Division Two, December 18, 1928.

*Theodore C. Bruere, William Waye, Hensley, Allen & Marsalek* and *Abbott, Fauntleroy, Cullen & Edwards* for relator.

*Alexander R. Russell* for respondent.

BLAIR, J.—This case comes to the writer upon reassignment. It is an original proceeding in prohibition to prevent the enforcement against relator of an injunction issued out of the Circuit Court of the City of St. Louis. Our provisional rule issued. Service thereof was waived and thereafter respondent filed his return. To such return relator has filed its demurrer. Thus the facts appear from the pleadings.

Respondent is judge of the Circuit Court of the City of St. Louis and was presiding in Division No. 14 thereof when said injunction was granted. Relator is and was a banking corporation organized under the laws of Missouri and engaged in the banking business at St. Charles, Missouri. In December, 1906, relator filed suit in the Circuit Court of the City of St. Louis against J. W. Thompson upon a note for $20,000. Thompson filed an amended answer and crossbill in October, 1908, alleging in substance that the note sued on and a certain insurance policy were put up as collateral security to

certain notes and indebtedness which had been paid off and said collateral discharged and that said insurance policy was not collateral security for any other indebtedness due relator bank, and that relator had failed and refused to deliver up to Thompson the collateral notes and the said insurance policy and that relator was in fact indebted to Thompson. Among other things, said cross-bill prayed that relator be required to surrender said insurance policy to said Thompson and that an accounting be had, etc. Relator, as plaintiff in said suit, filed its reply, which need not be noticed. On March 20, 1912, said cause of St. Charles Savings Bank v. J. W. Thompson was, by the Circuit Court of the City of St. Louis, referred to a referee to try all of the issues. Whether said referee held any hearings at that time does not appear. On April 30, 1914, plaintiff (relator here) entered its voluntary nonsuit and the court entered an order which appeared on its face to be a dismissal of the cause.

No further action was taken in said case of Bank v. Thompson for over twelve years after the entry of such order. On or about May 3, 1926, J. W. Thompson died. Relator then took steps to collect an insurance policy which was issued by the Mutual Life Insurance Company of New York for $20,000 upon the life of said J. W. Thompson. This is the same insurance policy referred to in the cross-bill filed by said Thompson in the case of Bank v. Thompson. Claiming to be the assignee of said policy and to be entitled to the proceeds thereof, relator brought suit thereon against said insurance company by filing its petition in the Circuit Court of St. Charles County on May 15, 1926.

On June 28, 1926, the Mutual Life Insurance Company of New York filed its answer in said suit pending in the Circuit Court of St. Charles County. This answer admitted the execution and delivery of said policy to J. W. Thompson; that said policy had been kept in force; that said Thompson died May 3, 1926; that relator Bank had submitted proofs of Thompson's death and demanded payment of the policy under an alleged assignment to it of the proceeds thereof. Said answer then alleged the appointment of Sarah E. Thompson and Marcella Thompson Berkeley as administratrices of the estate of J. W. Thompson, deceased; that said insurance company had been notified by said administratrices not to pay the proceeds of such insurance policy to relator; that the insurance company owed the sum of $23,121.20 on said policy and that both relator and the estate of J. W. Thompson, deceased, were claiming to be entitled to such proceeds; that it had no interest in such proceeds, except to pay the same over to the party or parties entitled thereto; that it could not take the responsibility of determining for

itself which of the claimants was entitled to the proceeds of said policy.

For the reasons above alleged said insurance company asked leave to pay the proceeds of said policy into court and that the court require the administratrices of the Thompson estate to come into court and litigate with relator bank the right to the said proceeds, etc. On December 6, 1926, the Circuit Court of St. Charles County made an order requiring that said administratrices be made parties to the case pending in said court and ordered that summons issue requiring them to appear and plead to the answer of the insurance company. This administratrices did on May 27, 1927, which was the date of issuance of the injunction above and hereafter referred to.

In the meantime, to-wit, on July 30, 1926, the death of J. W. Thompson was suggested in the Circuit Court of the City of St. Louis in the case of St. Charles Savings Bank v. J. W. Thompson, in order to revive said case upon defendant's answer and cross-bill. An order was made in said court on October 26, 1926, reviving said suit in the names of the administratrices of the estate of J. W. Thompson, deceased. Relator appeared in said court and took certain steps which we need not detail.

On January 6, 1927, the administratrices of the Thompson estate filed in the Circuit Court of the City of St. Louis, in the revived case of St. Charles Savings Bank against themselves, a petition for injunction against relator bank to restrain it from prosecuting further the case of said bank against the Mutual Life Insurance Company of New York pending in the Circuit Court of St. Charles County. We need not quote from said petition at length. In substance, it set forth the history of the case brought by said bank against J. W. Thompson in the Circuit Court of the City of St. Louis involving the right to the $20,000 life insurance policy on the life of J. W. Thompson and alleged that the Circuit Court of the City of St. Louis had sole and exclusive jurisdiction of said controversy and that, while said court had such jurisdiction of the controversy, the insured died and the insurance company became liable on said policy and that the bank, endeavoring to defeat the jurisdiction of the Circuit Court of the City of St. Louis to decide who is the lawful owner of said policy, caused suit against said insurance company on said policy to be filed in the Circuit Court of St. Charles County, claiming to be the assignee of said policy and to be entitled to the proceeds thereof; and that said insurance company had filed its bill of interpleader in said Circuit Court of St. Charles County, seeking to compel the administratrices to go into that court and there litigate their claims to said policy of insurance, notwithstanding the fact that the Circuit Court of the City of St. Louis was possessed of prior and exclusive jurisdiction of the case of St. Charles Savings Bank v.

Thompson et al., administratrices of the estate of J. W. Thompson, deceased, involving the same subject-matter.

On January 7, 1927, the administratrices appeared before respondent, sitting as judge of the Circuit Court of the City of St. Louis, and called to his attention their petition for injunction and filed certified copies of the proceedings in the case pending in the Circuit Court of St. Charles County. It appears from the return that the bank was represented by counsel when said petition was presented to respondent and when such evidence was offered and was given full opportunity to offer testimony in its own behalf. Respondent avers in his return "that upon the testimony and evidence adduced at said hearing respondent, after due consideration, believed that defendants were entitled to an injunction, as in their petition prayed, so far as the same related to the relator herein."

On January 11, 1927, relator filed its motion to dismiss the petition for injunction, alleging that respondent had no jurisdiction to grant said injunction for reasons therein set forth. On January 13, 1927, and apparently acting under his appointment a number of years before, the referee in the case of St. Charles Savings Bank v. The Administratrices of the Thompson estate, filed his report. On February 14, 1927, which was during the February term, 1927, of the Circuit Court of the City of St. Louis, respondent entered judgment in said case of Bank v. The Administratrices of the Thompson estate, in favor of said administratrices and against said bank, upon the first counterclaim of their answer and cross-bill, thereby finding that the administratrices were entitled to said policy of insurance and ordering the bank to return the same to said administratrices or to pay the value thereof. Thereafter relator's motion for new trial was overruled by the Circuit Court of the City of St. Louis and relator was granted an appeal from said judgment to the Supreme Court and thereafter gave the required appeal bond, which was duly approved.

On May 27, 1927, and during the April term of the Circuit Court of the City of St. Louis, respondent made and entered of record an order of injunction purporting to be made in the case of the St. Charles Savings Bank v. The Administratrices of the Thompson estate enjoining relator from proceeding further in the case of St. Charles Savings Bank v. Mutual Life Insurance Company of New York, pending in the Circuit Court of St. Charles County. At the same time respondent filed a memorandum in which he held that the same cause of action was involved in the case pending in the Circuit Court of the City of St. Louis and in the suit filed in the Circuit Court of St. Charles County and that relator bank could not be permitted to relitigate in the Circuit Court of St. Charles County the same matter it had litigated in the Circuit Court of the City of St.

Louis. Respondent explained his delay in issuing the injunction until after the appeal had been granted in the case of Bank v. The Administratrices of the Thompson estate, by saying:

"My delay in passing upon this petition has been occasioned by a doubt whether the petitioners did not have an adequate remedy at law by writ of prohibition. A late ruling of the Supremee Court has come to my attention, in which the defendants here were denied a writ of prohibition against the Judge of the St. Charles Circuit Court to restrain his from permitting the Bank and the Insurance Company to litigate before him the matters complained of in the petition for injunction here. This ruling demonstrates that the petitioners are without any adequate remedy at law. The right and the duty of this court under such circumstances to protect the priority of its jurisdiction is clear."

We know from our own records that the administratrices of the Thompson estate applied to this court, en banc, for a writ of prohibition against the judge of the Circuit Court of St. Charles County to prevent him from proceeding further in the case of St. Charles Savings Bank v. The Mutual Life Insurance Company of New York, pending in the Circuit Court of St. Charles County, because of the pendency in the Circuit Court of the City of St. Louis of a case involving (as it was contended) the same controversy. This application was denied, without opinion, on May 27, 1927, the same day that the administratrices appeared in the Circuit Court of St. Charles County and the same day upon which the injunction here assailed was issued by respondent. [State ex rel. Sarah E. Thompson et al., Administratrices, etc., v. Woolfolk, No. 28,227.]

In this proceeding relator seeks to prohibit respondent from enforcing the injunction above referred to on the ground that respondent was without jurisdiction to grant such injunction. Relator asserts and cites authority in support of its contention that prohibition is the appropriate remedy. Respondent does not contend that prohibition does not lie if he is, in fact, exceeding his jurisdiction, but earnestly contends that he had jurisdiction to issue the injunction. It seems clear, therefore, that, if respondent had no jurisdiction to make, or exceeded his jurisdiction in making, the order granting the injunction, he should be prohibited from enforcing such injunction because it cannot reasonably be contended that relator has an adequate remedy by appeal under the circumstances appearing in the history of this controversy.

Respondent contends that the injunction issued by him was ancillary or incident to the case of Bank v. Said Administratrices, which he claims was properly pending in his court at that time and that said injunction was issued in aid and protection of his jurisdiction in said case. Respondent could not well contend that the order

granting the prayer for an injunction was made in a proceeding independent of said case, for Section 1951, Revised Statutes 1919, clearly forbids such an order. Said section reads as follows:

"Proceedings on an injunction to stay a suit or judgment shall be had in the county where the judgment was rendered or the suit is pending, and the summons may be directed and served as summons in ordinary cases."

The right of a court to protect its jurisdiction in an ancillary proceeding by injunction against the parties to subsequent proceedings instituted in some other court involving the same controversy is well established by the decisions of this court. [Davison v. Hough, 165 Mo. 561, 65 S. W. 731; Capitain v. Mississippi Valley Trust Co., 240 Mo. 484, 144 S. W. 466; State ex rel. Terry v. Allen, 308 Mo. 230, 271 S. W. 469.]

The first question for decision then is whether or not respondent had jurisdiction to issue said injunction, as he claims he did, in protection of his jurisdiction in the case of Bank v. The Administratrices of the Thompson estate. The judgment in the main case, to which it is said the injunction was an incident, was rendered at the February term, 1927, of the Circuit Court of the City of St. Louis and the appeal was granted at that same term. Jurisdiction of such main case was thereby transferred to the Supreme Court and the Circuit Court of the City of St. Louis thereupon parted with every vestige of jurisdiction it theretofore had over said case. This rule is well supported by the following cases cited in relator's brief: State ex rel. Patton v. Gates, 143 Mo. 63, l. c. 68, 44 S. W. 739; Reed v. Bright, 232 Mo. 399, l. c. 415, 134 S. W. 653; Finley v. United Railways Co., 238 Mo. 6, l. c. 17, 19, 141 S. W. 866; In re Grading Bledsoe Hill, Buchanan County, v. Henry Bledsoe, 222 Mo. 604, l. c. 609, 610, 120 S. W. 1184; Burgess v. O'Donoghue, 90 Mo. 299, 2 S. W. 303.

Respondent does not controvert the proposition that as a general rule a trial court parts with all of its jurisdiction over a case which has been taken to a higher court on appeal. In his brief, respondent asserts three propositions, as follows:

"When a court of competent jurisdiction has taken cognizance of a controversy its jurisdiction cannot be defeated by proceedings in another court of concurrent jurisdiction and may be protected by injunction.

"Regardless of the number of variety of issues or of parties there can be but one final judgment in a case which must dispose of the entire controversy and exhaust the jurisdiction of the trial court.

"Except as to the specific interlocutory orders from which the statute allows an appeal, there can be no appeal taken except from a final judgment which determines all of the rights of all of the par-

ties to the litigation and leaves nothing requiring further judicial action by the trial court.''

The three propositions thus stated are entirely correct as abstract propositions of law. The trouble is they have no application to the issues involved in this case. The judgment in the case of St. Charles Savings Bank v. The Administratrices of the Thompson estate disposed of every issue raised by defendant's answer and cross-bill. That judgment was not interlocutory in any sense. By the terms of said judgment the rights of the parties to the policy of insurance purported to be finally adjudicated. An appeal was taken. It was a judgment from which an appeal could properly be taken. The term ended and thereafter the Circuit Court of the City of St. Louis lost every vestige of authority to set aside or modify such judgment.

The respondent argues that said judgment was interlocutory because (as he contends) he had heard the evidence on the petition for an injunction filed before the judgment was rendered on the answer and cross-bill, and had taken under advisement the question of whether or not he should issue the injunction; that the subsequent appeal in the main case was premature because, when it was taken, respondent had not disposed of all the issues in the case pending in his court. Respondent's error lies in assuming that the application for an injunction constituted any part of the issues involved in defendant's answer and cross-bill in the case of Bank v. The Administratrices of the Thompson estate. While the petition for injunction bore the same title as the main case, it was no part of that case. The injunction was sought merely in aid of the relief asked in the answer and cross-bill, to the end that defendants in said case might proceed in respondent's court in an orderly manner to a judgment and thereby establish their rights under the allegations of their answer and cross-bill, without being compelled to litigate such rights in any other court.

Assuming for the purposes of this opinion, without so deciding, that the issues involved in the case of St. Charles Savings Bank v. The Mutual Life Insurance Company of New York, pending in the Circuit Court of St. Charles County, are the same as those which were involved in the case of St. Charles Savings Bank v. The Administratrices of the Thompson estate and that, before the judgment and appeal in the latter case, respondent, in protection of his own jurisdiction, might properly have issued an injunction against the bank restraining it from proceeding further in prosecuting the case pending in the Circuit Court of St. Charles County, his power to issue such injunction necessarily ceased when he no longer had any jurisdiction over said case to protect. All the jurisdiction respondent had over the case of Bank v. The Administratrices of the Thompson estate passed to the Supreme Court when the appeal was granted

and the term of court ended. As judge of the Circuit Court of the City of St. Louis, respondent thereafter had no more power to enjoin the bank (relator) from prosecuting the case pending in the Circuit Court of St. Charles County than he would have had in an injunction proceeding entirely independent of and not ancillary to the case of Bank v. The Administratrices of the Thompson estate.

We see no escape from the conclusion that, at the time respondent made the order enjoining relator bank from prosecuting the case pending in the Circuit Court of St. Charles County, he had no authority or jurisdiction to make such order. For that reason, our provisional rule should be made absolute and it is so ordered. All concur.