STATE EX REL. MAMIE FRANCES ALLEN, RELATOR, v. THOMAS B. BUCK-
NER, JUDGE OF DIVISION NO. 1 OF THE CIRCUIT COURT OF JACKSON
COUNTY, MISSOURI ET AL., RESPONDENTS.—47 S. W. (2d) 256.

Kansas City Court of Appeals.   February 29, 1932.

*I. N. Watson* and *Conger R. Smith* for appellant.

*Chas. M. Bush* for respondent.

CAMPBELL, C.—Prohibition. The parties present the case upon
the theory that motion for judgment on the pleadings or a demurrer
has been filed, and we will therefore dispose of it on that theory.
On August 20, 1923, relator, Mamie Frances Allen, filed in the
Circuit Court of Jackson county, Missouri, at Kansas City, a suit
for divorce and permanent alimony against John Henry Allen, her
husband. She also, on the same day, filed an application for alimony
*pendente lite* and attorney's fees. Thereupon the cause was assigned
to Division No. 2 of the Circuit Court of Jackson county, presided
over by the Hon. O. A. Lucas, for the purpose only of passing on the
application. Judge Lucas heard the application and awarded plain-
tiff the sum of $25 per week alimony and $75 attorney's fees. There-
after respondent Allen filed application seeking to have the allow-

ance of temporary alimony reduced, and the cause was again assigned and sent to Division No. 2 for the purpose of hearing that application. Upon the hearing of said application the order originally made was modified by reducing the temporary allowance to $20 per week.

On May 1, 1924, the cause was regularly assigned for trial to Division No. 1 of said Circuit Court over which the respondent, Judge Buckner, presided  The cause was tried in said division, resulting in decree granting divorce to plaintiff, but the judgment entry contains no order touching alimony or maintenance. The court at the time of the rendition of the decree dictated an opinion to the stenographer, the concluding paragraph of which reads: ''I am going to grant the decree to the plaintiff for the misconduct of the defendant; but the defendant has been amply punished already for the offenses, so far as he is concerned and has committed; and no alimony will be allowed.'' Plaintiff, relator here, appealed from the decree. The respondent Allen, defendant in that case, did not appeal.

Thereafter in the month of July relator sought to sue out an execution upon the judgment for alimony *pendente lite* which the clerk of the Circuit Court of Jackson county refused to issue. Thereafter Judge Lucas of Division No. 2 told the clerk to issue an execution upon the judgment for temporary alimony. Execution was therefore issued and placed in the hands of the sheriff of Jackson county. Thereafter respondent Allen filed in Division No. 1, presided over by Judge Buckner, a motion to quash the execution on the ground that the final judgment in the cause rendered on May 1, 1924, by Judge Buckner, expressly denied relator any alimony and superseded the judgment for temporary alimony and, therefore, there was no judgment in the cause upon which a valid execution could be issued and that respondent Allen had paid all installments of temporary alimony to the date of the decree.

On August 23, 1924, respondent Allen served notice on relator that his motion to quash the execution would be taken up on September 1, 1924, in Division No. 1 presided over by Judge Buckner. The motion was continued to September 5, 1924. On that day the motion was taken up and the judge of the court announced that he would sustain the motion. Thereupon the relator requested that the order or judgment quashing the execution be not entered until on a later date. The motion was then set over for the Monday following, that is, September 8. On September 6 relator sued out a provisional writ of prohibition in this court.

It is respondent's theory that Division No. 1, which rendered judgment for divorce, was the proper court to hear and determine the motion to quash execution; that the opinion of Judge Buckner, dictated to the stenographer at the time of the rendition of the divorce

decree, became a part of the record, and hence the allowance of monthly temporary alimony was superseded by the judgment; that the judgment did not continue the alimony pending appeal.

The relator contends that Judge Buckner was without jurisdiction or authority to entertain the motion to quash the execution. It is admitted that the cause was assigned to Division No. 2 for the purpos·of passing upon the application for temporary alimony only. Unquestionably Judge Lucas had jurisdiction to pass upon that question and to render the judgment for temporary alimony, which was rendered. That judgment could not be interfered with or stayed by the judge of any other division of said court, sitting in his own division. [Title Guaranty & Surety Company v. Drennon, 208 S. W. 474, 475; State ex rel. Terry v. Allen, 271 S. W. 469.]

The judgment for temporary alimony was not appealed from and was therefore a final judgment and would remain in force until set aside in the manner provided by statute. Division No. 1 had no jurisdiction to control the process of Division No. 2, and hence Division No. 1 could not entertain motion to quash execution issued out of Division No. 2. [Farris v. Smithpeter, 166 S. W. 655, 656; State ex rel. Terry v. Allen, 271 S. W. 469.]

Whether the judgment in Division No. 2 was superseded by the judgment rendered in Division No. 1 was a question which could not be determined in the latter division upon motion to quash the execution. When the Judge of Division No. 1 announced that the motion to quash the execution would be sustained he assumed jurisdiction of the motion, and in doing so exceeded the jurisdiction of that division. In the circumstances prohibition is a proper remedy. [State ex rel. v. Latshaw, 237 S. W. 77.]

Clearly the provisional writ of prohibition should be made permanent. The commissioner so recommends. *Boyer, C.*, concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The provisional writ of prohibition is made permanent. *Trimble, P. J.*, and *Arnold J.*, concur. *Bland, J.*, not sitting.